BENJAMIN NEWELL, MILO KENDALL, GEORGE O. IDE, STEPHEN R. S. UFFORD.

*v.*

THE BOARD OF SUPERVISORS OF BUREAU COUNTY and CHARLES BALDWIN, DRAINAGE COMMISSIONER OF BUREAU COUNTY.

1. CHANCERY—*demurrers in.* A general demurrer to a bill in chancery admits all the facts in the bill which are properly pleaded, but not inferences of law from the facts.

2. SAME—*allegations of the bill.* Charges of fraud and usury should not be general, but the facts distinctly stated, on which the charges are based.

3. SWAMP LANDS—*the policy of the legislature in regard to them.* It was the intention of the General Assembly, under the various acts on this subject, to grant to the several counties in the State, the swamp and overflowed lands within their respective limits, and to remit to such counties, the exclusive control over these lands and over their proceeds.

4. SAME. No plea of want of consideration can be sustained to a note given for a portion of these lands, on the ground that the lands have not been reclaimed, and a system of drainage established and carried out.

APPEAL from the Circuit Court of Bureau county; the Hon. MADISON E. HOLLISTER, Judge, presiding.

This was a bill in chancery in the Circuit Court of Bureau county exhibited by Benjamin Newell and others, against the county of Bureau, and Charles Baldwin, drainage commissioner, to enjoin the collection of certain notes executed by them, on the purchase of certain swamp lands, sold by Bureau county, and purchased by the complainants. The bill charged in general terms, fraud and usury, to which there was a general demurrer by the defendants.

The court sustained the demurrer, dissolved the injunction, and dismissed the bill.

From this decree, the complainants appeal to this court and assign the same as error.

Mr. MILO KENDALL and Mr. GEORGE O. IDE for themselves, and their co-appellants, submitted the following points :

1. The demurrer interposed by the defendants to the bill of the appellants, should have been overruled, and not sustained, by the Circuit Court. It was a general demurrer to the whole of the bill, and thus admitted all of the facts set forth in the bill, and the exhibits filed therewith and made part of the bill, to be true.

2. If a bill contain an allegation of fraud, it is a general rule that such an allegation must be answered, and a general demurrer cannot be allowed. Adams' Equity, top paging 739 cap. 4, note 2, citing, *Stoval* v. *N. Bank Miss.,* 5 Smedes & Marshall, 17 Miss. R.; *Anderson* v. *Lewis,* Freeman, 206; *Rambo* v. *Rambo,* 4 De Saussure, S. C., 251; *Niles* v. *Anderson,* 5 Howard, Miss., 365; *Carter* v. *Longworth,* 4 Hammond, Ohio, 384.

3. When the county sells upon the agreement with its vendees that it will drain the swamp lands sold, the law under which such sales are made also requiring such drainage, then the transaction becomes a contract between the

county and its vendees, and the county cannot, any more than an individual, repudiate its agreement, or procure its release from a performance of its agreement, by subsequent legislation. We rest our case in this regard upon the basis of the contract,— express as it appears from the face of the bill,— made long prior to the passage of the Act of 1857, which purports to release Bureau county from drainage. Although the county may now be released by the State from the fulfilment of the trust, upon the execution of which depended its title to these swamp lands, as between it and the State, yet the county cannot thereby claim immunity from its engagements, upon the faith of which, the complainant Newell was induced to invest to so large an amount. The county of Bureau, we claim, should be held to its engagements.

Mr. GEORGE L. PADDOCK for appellees :

1. The bill shows no ground of relief, and the court below was quite right in sustaining the demurrer. The demurrer confesses only such facts as are well pleaded in the bill. Story's Eq. Pl., sec. 452.

2. There is much said in the bill about "fraud," "usury," and "want of consideration," but no *facts* are stated which show that the county or its agents have dealt unfairly with the complainant, Newell, or his assigns; no *facts* are stated which support the clamor of "usury," and no *facts* are stated wherefrom the court can infer that the consideration of Newell's notes has failed or been wanting.

3. A county holds certain lands in fee, alienable in a given mode prescribed by the Legislature of the State; the proceeds of which lands, *when so alienated,* are, by the act, to be applied to their reclamation in a specified mode. But so far from exercising the power conferred by the Legislature, the county sees fit to disregard it, and to hold an utterly different sale from that described in the act—a sale upon credit, where its agent took notes instead of cash; gave bonds for deeds and in divers other respects variant from the statutory

proceeding. To this sale Mr. Newell was a voluntary party, and neither he nor his assigns are injured, when, by a subsequent act, the Legislature ratify and affirm the transaction. Mr. Newell had no vested rights under the act of 22d June, 1852, as to drainage, for the simple reason that he did not bid at a sale held under that act.

Mr. JUSTICE BREESE delivered the opinion of the court:

The only question presented by this record, is, as to the propriety of sustaining a general demurrer to the bill of ° complaint of appellants.

It is insisted by appellants that inasmuch as the demurrer was general to the whole bill, it admitted all the facts stated in the bill to be true, and as fraud and usury were charged, those facts were admitted, and therefore the demurrer should have been overruled.

The rule is, as we understand it, and have repeatedly stated, that the effect of a demurrer is to admit all facts properly pleaded, but not inferences of law from those facts. *Stow* v. *Russel,* decided at April term, 1864; 1 Daniels' Ch. Pr., 601; *Mills et al.* v. *Brown et al.,* 2 Scam., 549.

The charges of fraud and usury are general, and do not show the facts on which the charges are predicated, consequently, it would be impossible to answer them. That such and such facts constitute fraud, or usury, as the case may be, may be but an inference drawn by the pleader from the facts, and as such inferences are not admitted by the demurrer, the facts must be distinctly charged. We fail to perceive in any of the allegations of the bill, any specific charge of fraud or usury such as would be admitted by a general demurrer to a bill, or of such a nature as to call for an answer.

The whole case rests upon the policy adopted by the State in regard to the disposition of the swamp lands granted to the State by the United States, and by the State to the several counties in which those lands are situated.

We had occasion, in the case of *Supervisors of Whiteside Co.* v. *Burchell et al.,* 31 Ill., 68, to examine this whole subject, and we came to the conclusion, to which we adhere, where a party purchased swamp lands from a county in 1856, the year in which appellants purchased, and executed his notes for the absolute payment of the purchase money, he has no remedy to compel the county to appropriate the proceeds of the sales of such lands to their reclamation, as was contemplated by the legislation on the subject, in force at the time of his purchase; but his rights in that regard are to be determined by the policy subsequently adopted by the Legislature, which placed the whole subject of the control and disposal of these lands, and the appropriation of their proceeds in the hands of the several county authorities, and released them from all the liabilities and obligations theretofore imposed on them, respecting them.

From this, it follows, no plea of want of consideration can be sustained to a note given for the land, the reclamation of these lands being understood to be a part of the consideration of the note at the time the same was executed.

Perceiving no sufficient charge of fraud, usury, or want of consideration in the bill of complaint, or any other fact to weaken the claim of the county to payment of the note and mortgage, the bill appears without equity, and the court properly sustained the demurrer to it, and its judgment must be affirmed.

*Decree affirmed.*