### Emma Toles v. John Johnson et al.

1. CHANCERY PLEADINGS—*Allegations of Fraud.*—Allegations of fraud, as conclusions of the pleader in chancery, are of no avail; there must be statements of acts or facts upon which such conclusions are based.

In Equity.—Bill for relief. Appeal from the Circuit Court of Cook County; the Hon. ELBRIDGE HANECY, Judge, presiding. Heard in this court at the October term, 1897. Affirmed. Opinion filed December 16, 1897.

GEORGE HUNT and JAMES R. WARD, attorneys for appellant.

GOLDZIER & RODGERS, attorneys for appellees.

Fraud is a conclusion of law; it is therefore incumbent on the party who would set it up to state the facts relied upon as constituting it. East St. Louis Conn. Ry. Co. v. People, 119 Ill. 182.

It is not sufficient, as it has been often held by this court, for the purpose of successfully assailing a transaction on the ground of fraud to charge fraud generally, but the com-

Toles v. Johnson.

plaining party must state in his pleadings and prove on the trial the specific acts or facts relied on as establishing fraud. Roth v. Roth, 104 Ill. 46.

Mr. Justice Sears delivered the opinion of the Court.

This appeal is from a decree, which, upon sustaining a general demurrer to the bill of complaint, dismissed the same for want of equity.

The averments of the bill are substantially as follows:

That a judgment was entered by confession in the name of Jesse G. Wells, May 13, 1895, in the Circuit Court, against appellee John Alquist, upon three promissory notes, each of said notes made payable to the order of the State Bank of Chicago, and signed by appellees John Alquist and John Johnson. Each of said notes was indorsed as follows: "Without recourse, State Bank of Chicago." A warrant of attorney was attached to each note authorizing any attorney of any court of record to enter judgment by confession on the note in favor of the holder against the makers thereof.

On the day the judgment was entered, John Alquist was the owner in fee simple of lot 19, described in the bill.

It is averred in the bill that said judgment was caused to be entered by said Jesse G. Wells, by the procurement of said Johnson, against Alquist alone, with the intention of defrauding the said Alquist thereby, and for the purpose of enforcing the payment of said judgment out of the real estate aforesaid, and that Alquist had no knowledge of the existence of the judgment against him, and that Johnson, with the intention of defrauding Alquist and obtaining an undue advantage over him, obtained from the defendant, Wells, for the consideration of one dollar, an assignment of said judgment in the month of May, 1895.

That on June 23, 1895, John Alquist, by warranty deed, conveyed said real estate to Ludwig S. Bekken, and on July 31, 1895, Ludwig S. Bekken, by warranty deed, conveyed said real estate to appellant; that neither Alquist nor his grantees knew of the existence of the judgment, nor of the execution thereon, nor of the levy and sale of the real

estate until after the expiration of twelve months from the sale. That on October 31, 1895, Johnson procured an execution to be issued on said judgment, and levied upon said real estate, and at the sale thereof bid in the real estate for the amount of the judgment, and gave the sheriff a receipt in full satisfaction of the execution and costs; that the sheriff retained only $13.78 for his costs and commissions, which sum was the total amount actually paid by the said Johnson for said certificate of purchase.

It is further averred in the bill, that Johnson fraudulently kept said proceedings, sale and purchase a secret from Alquist and complainant (appellant), and that the said proceedings and sale were a fraud upon the rights and equities of complainant. It is further charged in the bill, that Johnson knew on October 31, 1895, and before that date, that the complainant had purchased and become the owner of said premises.

The bill further avers that on January 11, 1897, J. J. Toles obtained a judgment against said John Alquist, and as a judgment creditor redeemed from said sale and paid to the sheriff the amount due; that the sheriff, upon receipt of said redemption money, proceeded in due form of law and sold the said real estate to J. J. Toles at public auction for the amount of the redemption money and the costs of sale, and in pursuance of the same, immediately after the sale, made a deed of the premises to said J. J. Toles.

The bill further averred that Ludwig S. Bakken and John Alquist, the grantors of appellant of the premises aforesaid, were each wholly insolvent, and that whatever judgment might be obtained against them, or either of them, could not be collected.

The bill was filed by appellant against the sheriff of Cook County, John Johnson, Jesse G. Wells and John Alquist, and the relief prayed was that the redemption money then in the hands of said sheriff might be treated as proceeds of the sale of said real estate, and declared a trust fund in the hands of said sheriff and subjected to the payment of the claim of appellant.

A temporary injunction was issued upon the filing of the bill, restraining the sheriff from paying over said money to John Johnson, and restraining said Johnson from assigning or otherwise disposing of the certificate of purchase issued to him by said sheriff, upon the making of the sale aforesaid. On May 3, 1897, upon argument of the general demurrers filed to the bill, the Circuit Court dissolved the temporary injunction and dismissed the bill.

It is contended that it appears from the averments of the bill and the necessary inferences therefrom, that the notes were obtained from the bank by John Johnson for the purpose of procuring a judgment to be entered upon them in the name of Wells, against John Alquist alone, with fraudulent intent, and that this amounted to a payment of the notes by Johnson, one of the payors, and therefore an extinguishment of the notes resulted.

To this we can not assent. If it was the purpose of the bill to show that Johnson, one of the makers of the notes, had paid them, and that the liability of Alquist upon the notes had thereby been extinguished. it was a simple matter to have alleged such *fact* of payment. After demurrer had been argued and sustained, appellant might still have taken leave to amend, and could then have alleged the fact which counsel now seek to have supplied by inference and argument. Argument and inference can not thus take the place of necessary positive allegation.

But it is argued that the transactions through which Johnson acquired the right to the redemption money, being fraudulent, therefore equity will impress upon the fund, *i. e.,* the redemption money, a trust in favor of appellant as *cestui que trust*. We are unable to see the force of this contention. The premise upon which the argument rests is wholly wanting. The bill contains no allegation of fact, which constitutes fraud. It is true that there is much statement of fraud as a conclusion of the pleader, but there is absence of any allegation of acts or facts to support such conclusion. Such statements of conclusion are of no avail. Roth v. Roth, 104 Ill. 46; East St. Louis Conn. Ry. Co. v. People, 119 Ill. 182.

The case of Darst v. Thomas, 87 Ill. 225, which is cited in support of the contention of appellant, is clearly distinguishable from the case here. If in this case the bill alleged that the debt secured by the notes in question was equitably the debt of Johnson and not equitably the debt of Alquist, then the contention of appellant might find support in the case cited. But the bill wholly fails in any such allegation. So far as the bill shows, the debt secured by the notes may have been, in equity, the debt of Alquist only. One seeking relief in equity must allege in distinct terms the facts necessary thereto.

The demurrer to the bill was properly sustained. Decree affirmed.