William L. Campbell et al. v. C. L. Timmerman et al.
Gen. No. 13,761.

1.  PRACTICE—*what controls where recitals of clerk and order of court are in conflict.* An order of court controls the clerks' recitals where the two are in conflict.

2.  AMENDMENTS AND JEOFAILS—*when action of court in permitting amendment cannot be complained of.* The action of the court in striking an amendment from the files, upon the ground that the same was not made in apt time, cannot be complained of where, instead of asking leave to re-file such amendment, complaining counsel elected to stand by the pleading previously sought to be amended.

3.  PLEADING—*what not admitted by demurrer.* A demurrer does not admit the conclusions of the pleader; it only admits facts properly pleaded.

4.  PLEADING—*how bill of complaint should be construed.* A bill of complaint tested by demurrer should be construed most strongly against the pleader.

5.  LEASE—*when assignment of, deemed oral.* In the absence of averment as to whether or not a lease was oral or in writing, the court, construing the bill most strongly against the pleader, will hold that such lease was oral—the question at issue being whether relief will be barred by the application of the Statute of Frauds.

6.  STATUTE OF FRAUDS—*when option for renewal of lease within.* *Held,* that an option for the renewal of a lease was within the Statute of Frauds.

7.  SPECIFIC PERFORMANCE—*when not awarded of lease.* *Held,* that under the averments of the bill of complaint in this cause, that specific performance would not be awarded to compel the granting of an alleged option to renew a lease.

Bill in equity. Appeal from the Superior Court of Cook County; the Hon. WILLARD M. MCEWEN, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1907. Affirmed. Opinion filed March 6, 1908.

FRANK M. BURWASH, for appellants.

CLITHERO & BELL, for appellees.

MR. JUSTICE SMITH delivered the opinion of the court.

Appellants filed their bill of complaint in the Superior Court alleging that on September 1, 1901, one Nelson was the owner of a certain building on the southeast corner of Sixtieth street and Washington avenue in the city of Chicago and that there was a certain store-room on the ground floor in the northwest corner of said building. That, on, to-wit, the same date said Nelson entered into a written lease with one Bancroft of the city of Chicago, whereby said store room was leased to said Bancroft, to be occupied as a drug store for-a term of five years, beginning on the first day of May, 1902, and expiring on the 30th day of April, 1907, for a rental of $3,600, payable in equal monthly installments of $60 each on or before the 15th day of each and every month during said term. Said lease contained a further provision giving unto said Bancroft the right to renew the same at his option, there being no provision as to when he should make his election to renew, or when or how he should give notice to said Nelson or his successors in interest as to his election.

That the term and provisions of said lease, including the option to renew, became and were binding on the heirs, executors, administrators and assigns of the respective parties to said lease.

That said Bancroft entered in possession of said store room under the terms of said lease and continued in exclusive possession thereof and conducted a drug store until, to-wit, July 1, 1903, when he sold said drug store to complainants, and assigned to them the said lease, which assignment was consented to in writing by said Nelson, and thereupon complainants entered into possession of said store room and have ever since continued in continuous and exclusive possession thereof, and have conducted therein a drug store.

Campbell v. Timmerman.

That about two years ago said Nelson sold and conveyed said building, including said store room, unto one C. L. Timmerman, a resident of the city of Mandam in the State of South Dakota, and thereafterwards complainants paid unto Messrs. William H. Brown & Brittain, agents for said Timmerman, the monthly rentals provided in said lease.

That during the summer and fall of the year 1906, and in January, 1907, both orally and in writing, complainants notified said Timmerman and his said agents that complainants had elected to renew said lease; that during the latter part of January, 1907, complainants learned that said William H. Brown & Brittain, purporting to act on behalf of said Timmerman, had executed a lease of said store room unto C. H. Richardson and L. E. Brainerd, both of the city of Chicago, for a term of three years at a monthly rental of $100.

That said Richardson and Brainerd claim to be entitled to exclusive possession of said store room, by virtue of said lease between them and said Timmerman, and threaten to take forcible possession of the same and have instituted in the Municipal Court of Chicago in the First District, a forcible entry and detainer suit against the complainants for the recovery of said premises.

That the drug store conducted by complainants on said premises is worth as a going concern at least ten thousand dollars and pays dividends of upwards of 10 per cent annually on that amount. That the fixtures and stock on hand will be worth not to exceed five thousand dollars if the complainants are not continued in possession of said drug store, and that unless the complainants are allowed to continue in possession of said store room, they will suffer damages to the extent of at least five thousand dollars.

That during the occupancy by complainants of said drug store, there has not been any criticism of them by said Timmerman or his agents, nor any dispute or conflict of interest. That complainants are abundantly able and are willing to pay the rent of said store during the next five years, and it is not and has not been complained on behalf

of said Timmerman that complainants are not able so to do. Nor is it claimed, nor has it been claimed that complainants are not in every way acceptable and desirable tenants for said store room.

Forasmuch, therefore, as complainants are without remedy in the premises, except in a court of equity, complainants pray that said Timmerman, Richardson and Brainerd, who are made parties defendant to the bill, may be required to make full and direct answer to the same, but not under oath, the answer under oath being waived; that the court may decree that said Richardson and Brainerd had notice of complainants' right to renew said lease, and that the lease claimed to have been executed between said Timmerman and said Richardson and Brainerd be decreed to be null and of no effect; and that it be decreed that said Richardson and Brainerd have no right to the possession of said premises; and that the said Timmerman be decreed specifically to perform and carry into execution the terms of the aforementioned lease and that he may be decreed to execute unto complainants another lease for the said store room, to be occupied by the complainants as a drug store for a term of five years, beginning May 1, 1907, and ending April 30, 1912, as a rental of $3,600, payable in equal monthly installments of $60 each on or before the 15th day of each month, and providing further that upon the failure of complainants to pay any installment of rent when due, and upon failure to surrender the premises unto said Timmerman, his grantee or successor in interest at the expiration of said term, then that said Timmerman or his grantee or successor in interest shall have a right to re-enter upon said premises, and take exclusive possession thereof, and complainants offer to enter into such a lease with said Timmerman; that the rents of said building be sequestered by the court and a receiver be appointed to collect the same until Timmerman complies with the decree of the court; and that a preliminary injunction, enjoining and restraining said Timmerman, his agents and attorneys, from in any manner interfering with the possession by complainants of

Campbell v. Timmerman.

said drug store, that a preliminary injunction enjoining and restraining Richardson and Brainerd, their agents and attorneys, from in any manner interfering with the possession by complainants of said drug store and from prosecuting their said forcible entry and detainer suit pending in the First District of the Municipal Court of Chicago against complainants, be issued and that on final hearing such preliminary injunction be made perpetual; and that complainants may have such other and further relief in the premises as equity may require and to the court shall seem meet. Prayer for summons.

The bill is signed by complainants and by their solicitors.

An affidavit to said bill by David A. Kennedy, one of the complainants, that he has read the bill and knows its contents, and that the same and the allegations therein are true in substance and in fact; that the defendants, Richardson and Brainerd, have made threats that they will take forcible possession of the store room aforesaid, and remove the goods of the complainants to the street; that if they do take forcible possession as they threaten to do and do remove said goods, complainants will be damaged at least five thousand dollars; that said Brainerd is a·man of no means; that the means and ability of Richardson to respond in damages is unknown, and that the rights of the complainants will be undoubtedly prejudiced if the injunction prayed for is not issued immediately and without notice to defendants.

A preliminary injunction was granted as prayed by the bill on May 7, 1907, on appellants filing a bond in one thousand dollars with Charles W. Boynton as surety.

May 9, 1907, all of the defendants entered their appearances by counsel, and on the following day entered a motion for the dissolution of the injunction on the face of the bill. This motion was continued.

May 16, 1907, the defendants filed a joint and several and general and special demurrer to the bill. On May 21, 1907, as the clerk's certificate shows, the cause came on for hearing on the motion of the defendants upon the face

of the bill to dissolve and set aside the restraining order theretofore entered, and upon the defendants' demurrer to the bill, and it was ordered that the demurrer be sustained without prejudice to the restraining order, and that the defendants (complainants) have leave to amend their bill of complaint instanter; and that the motion to dissolve the injunction and restraining order be continued to May 22, 1907, at 9:30 o'clock A. M.

Complainants filed several amendments to their bill on May 21, 1907, which, in the view we take of the case, it is not important to set out.

May 22, 1907, the final decree was entered, striking from the files the amendments to the bill filed on May 21, 1907, for the reason that said amendments were not filed in compliance with the order of court entered on May 20, 1907, wherein complainants were given leave to file amendments to the bill of complaint instanter, and dissolving the injunction. The complainants elected in open court to stand by their bill of complaint, and the court dismissed the bill for want of equity at complainants' costs.

In considering the error assigned upon the order of court striking the amendments from the files upon the ground that appellants in filing their amendments did not comply with the order of court permitting amendments to be made, we are of the opinion that we must look to the order of court spread upon the record rather than to the recital of the clerk as to when the order giving the leave to amend was entered, when there is a conflict upon that point in the record. By the clerk's certificate it appears that the order granting leave to amend was entered on May 21, 1907. If the certificate of the clerk is correct, the amendments were filed in compliance with the order granting leave to amend. But by the order entered on May 22, 1907, the court adjudicates and determines that it entered the order granting leave to amend on May 20, 1907. This, we think, must control and supersede the mere recital of the clerk. No question is made in the briefs of appellants as to the accuracy of the order of May 22, 1907, upon this point, and indeed the

record can not be disputed. Appellants, then, did not file their amendments to their bill in compliance with the order permitting them to amend.

Without asking for further time in which to amend either before May 22, 1907, or on that date when the court struck their amendments from the file, they announced in open court their election to stand by their bill, and thus waived their right to renew their application for leave to amend. Appellants cannot now urge error upon the order striking their amendments from the files, or treat their amendments as a part of the record, and their case must stand upon the averments of the original bill and the ruling of the court upon special demurrer thereto. Toles v. Johnson, 72 Ill. App., 182; Campbell v. Powers, 139 Ill., 128, 133.

The main question presented by this record is as to the propriety of sustaining a general and special demurrer to the original bill of complaint of appellants.

Where a bill in equity states only the conclusion of the pleader, a demurrer does not admit such conclusion to be true. It admits all facts properly pleaded, but not inferences of law from those facts. Newell et al. v. Bureau Co., 37 Ill., 253. A complainant seeking relief in equity must allege in distinct terms the facts necessary for such relief. Toles v. Johnson, *supra*.

The original bill of complaint alleges in substance that two years before the expiration of the alleged lease, it was assigned by Bancroft, the lessee, to appellants. But by what method or means this alleged assignment was made is not disclosed by the bill. It is not averred whether this alleged assignment was in writing, or by word of mouth, or simply by delivery of possession to appellants and payment of rent by them. Construing the bill most strongly against appellants, the court must conclude that the assignment, if there was one, was not in writing, and if so, it is too plain for argument that no right of renewal for five years could have passed to appellants which a court of equity or law would or could enforce. Chicago Attachment

Co. v. Davis S. M. Co., 142 Ill., 171; Marr v. Ray, 151 id., 340; Leavitt v. Stern, 159 id., 526.

The averment in this bill that "said lease contained a further provision giving unto said Bancroft the right to renew the same at his option, there being no provision as to when he should make his election to renew, or when or how he should give notice to said Nelson or his successors in interest, as to his election," is, in the absence of a copy of the lease attached to the bill as an exhibit, the conclusion merely of the pleader. The court is not placed in the position by this averment where it can draw any conclusion from facts alleged as to whether the conclusion of the pleader is justified or not, for the provisions of the lease or its terms are not averred. It is too clear for argument, we think, that in the absence of evidence showing the terms and conditions of the assignment and the lease a court could not frame a decree of specific performance, specifically enforcing the alleged option to renew, upon the averments of the bill without resorting to speculation and conjecture. A court of equity will not enforce a vague and uncertain contract.

The demurrer was properly sustained, we think, and the decree is affirmed.

*Affirmed.*