### Thomas Bayliff, Appellee, v. Thomas Reilly, Appellant.

### Gen. No. 5,114.

1. MANDAMUS—*when clerical error in judgment not fatal.* A clerical error in the judgment rendered in a mandamus proceeding is not fatal.

2. MANDAMUS—*when petition sufficiently shows lawful appointment as village treasurer.* Held, that the petition for mandamus filed in this cause, when tested by general demurrer, sufficiently showed the appointment of the relator as village treasurer.

3. MANDAMUS—*when does not lie.* Mandamus does not lie to try the title to a public office.

4. MANDAMUS—*when evidence not required to authorize judgment.* If a demurrer to a petition for mandamus is filed and overruled and abided by, the allegations of such petition thereby stand admitted and if sufficient upon which to predicate a judgment, a judgment may properly be rendered without the hearing of evidence.

5. PLEADING—*what not reached by general demurrer.* The conclusions of law stated in a pleading are not reached by general demurrer.

Mandamus. Appeal from the Circuit Court of Bureau county; the Hon. RICHARD M. SKINNER, Judge, presiding. Heard in this court at the October term, 1908. Affirmed. Opinion filed March 24, 1909.

JAMES J. CONWAY, for appellant.

S. P. PRESCOTT and J. L. SPAULDING, for appellee.

MR. JUSTICE WILLIS delivered the opinion of the court.

This is a suit commenced by Thomas Bayliff, appellee, against Thomas Reilly, appellant, for a writ of mandamus, requiring appellant, as former treasurer of the village of Cherry, Bureau county, Illinois, to deliver to appellee, the present treasurer of said village, the moneys, funds, vouchers, papers, warrants, property, books and effects belonging to said village, appertaining to said treasurer's office. The petition sets up the ordinances of the village, providing for the appointment of certain of its officers, including treasurer, and averred that appellant was appointed treasurer of said village on the last Monday of April, 1907, and that he qualified as treasurer of said village, and assumed and continued to hold office until April 27, 1908, at which time appellee was, by the president and board of trustees at a regular meeting of said board, duly and legally appointed village treasurer of said village of Cherry for the ensuing year, according to and in conformity with the ordinances of said village of Cherry; and that appellee duly qualified as such village treasurer by taking the oath of office and giving bonds as required by the ordinances of said village. The ordinances required that all outgoing officers of the village should turn over to their successors in office all property, books and effects belonging to the village or pertaining to their offices. The petition further averred that appellant had, in his possession, when his term of office as such treasurer expired, all of the money, vouchers, funds, books, papers and warrants belonging to the said village, pertaining to the office of said village treasurer, and that after appellee had qualified and assumed the duties of the office of treasurer, he demanded of appellant all the funds,

books, papers, warrants and property belonging to said village and pertaining to the office of village treasurer, and that appellant refused to deliver the same to appellee. To the petition appellant interposed a general demurrer, which was overruled, and appellant elected to abide by his demurrer. Judgment was entered against appellant for costs, and a peremptory writ of mandamus was ordered, and Reilly, the former treasurer, appeals.

The judgment described appellee as village trustee, instead of treasurer. There is nothing in the record to show that appellee was or ever had been, village "trustee" and it is evident that the word "trustee" in the judgment was, through a clerical error, written where it was intended to write the word "treasurer." As the order directed that the property belonging to the village, appertaining to the treasurer's office, be turned over to the appellee, naming him, and as the pleadings show the party named to be the village treasurer, this clerical mistake does not, in our opinion, amount to a fatal error.

Appellant contends that appellee's averment that at the meeting on April 27, 1908, at which the president was present and presided appellee was duly and legally appointed to the office of village treasurer of said village of Cherry for the ensuing year, according to, and in conformity with, said ordinances of said village, is but a conclusion of law, and argues that from aught appearing in the petition, the president of the board might not have been present when appellee's name was presented, that there might not have been a quorum present at the time it was presented, and that, therefore, his appointment might not have been legal; and claims that the petition should have averred that the president of the board was present, the number of trustees present, who made the motion to appoint appellee treasurer, who seconded the motion, and how many voted for him, so that the court could see that the president was present and that

a quorum was present and that a majority voted to appoint him; and from this argues that the petition was defective and that the demurrer should have been sustained.

There are, we think, two answers to this contention of appellant: First, The demurrer was general only. The rule is familiar, that a demurrer admits all facts properly pleaded. Newell v. Bureau Co., 37 Ill. 253; Deem v. Crume, 46 *id*. 69; Arenz v. Weir, 89 *id*. 25; Greig v. Russell, 115 *id*. 483. "For the purposes of pleading, the ultimate fact to be proven need only be stated. The circumstances which tend to prove the ultimate fact can be used for the purposes of evidence, but they have no place in the pleadings." McAllister v. Kuhn, 96 U. S. 87; Indianapolis R. R. Co. v. Horst, 93 U. S. 291; Lavin v. Wis. Cent. R. R. Co., 54 Ill. App. 636. If, as appellant argues, the petition was defective in that it did not show a legal appointment of appellee as treasurer and the defect had been pointed out by special demurrer or if it was necessary, as appellant contends, that the petition state that the president of the board and a sufficient number of trustees were present to form a quorum, and that it was necessary to show how the different trustees voted, and this had been pointed out by special demurrer, the petition would, no doubt, have been amended.

Second. This was not a proceeding in *quo warranto* to try the title to appellee's office. If it were mandamus would not lie. McKean v. Gauthier, 132 Ill. App. 376. The petition avers that appellee is in the office and discharging its duties. He brings this suit in his official character to recover certain property that belongs to the village and appertains to his office. We are, therefore, of the opinion that he is not obliged to set out his title to the office with that particularity which would be required of him if the title to the office was being litigated. We, therefore, conclude that the petition is good when attacked by a general demurrer only.

Appellant also contends that judgment, ordering the property turned over to appellee, could not properly follow, on the court sustaining the demurrer, without appellee's offering proof to show that appellant had the money, funds, books, property and vouchers in his possession. The petition alleged that appellant had in his possession, books, vouchers, property and moneys belonging to said village and that he had since the 27th day of April, 1908, wrongfully received and collected large sums of money, which it was his duty to turn over to his successor. The demurrer admits these facts and admits that the ordinance required him to turn them over to his successor. Therefore no proof was necessary to establish the facts so admitted.

The judgment is affirmed.

*Affirmed.*