## BERNARD SIEGMUND

### v.

## ADOLPH ASCHER.

*Creditor's Bill—Affidavit of Merits—Practice.*

1. An affidavit verifying a creditor's bill, wherein the complainant states " that he has read said bill and knows the contents thereof, and that the same is true of his own knowledge, except as to the matters stated on information and belief, and as to those he believes it to be true," makes the whole answer on information and belief, as there is no way of distinguishing between the matters so stated, and those of which the complainant has knowledge.

2. Where such bill is properly verified, an order appointing a receiver of defendant's property, and enjoining him from disposing of the same, although entered before appearance or service of process, can not be disturbed.

[Opinion filed June 2, 1890.]

APPEAL from the Superior Court of Cook County; the Hon. EGBERT JAMIESON, Judge, presiding.

Messrs. MOSES, NEWMAN & PAM, for appellant.

Messrs. KRAUS, MAYER & STEIN, for appellee.

GARNETT, J.  Upon a creditor's bill filed by appellee against appellant, the Superior Court, on January 28, 1890, entered an order appointing a receiver of the estate of appellant and enjoining him from disposing of any of his property.  That order the appellant prays may be reversed.

The foundation of the suit was a judgment before a justice of the peace, and the original bill set up all the facts necessary to maintain the suit, except those going to show jurisdiction in the justice.  The jurisdiction was shown by an amendment to the bill which was properly sworn to.  But the original bill was verified by an affidavit of complainant, wherein he s.ates " that he has read said complaint and knows the con-

Siegmund v. Ascher.

tents thereof, and that the same is true of his own knowledge, except as to the matters stated on information and belief, and as to those he believes it to be true."

We have decided that this form of oath makes the whole answer on information and belief, as there is no way of distinguishing between the matters so stated and those of which the complainant has knowledge. Deimel v. Brown, 35 Ill. App. 303.

In Reboul's Heirs v. Behrens, 5 La. 79, the affidavit for injunction stated "that the material facts and allegations in the said petition are true and correct to the best of his knowledge," and the court, holding the oath to be insufficient, said the affidavit "ought to be such as to submit the party to the penalties of perjury, if the facts sworn to appear to be otherwise."

In Catlett v. McDonald, 13 La. 45, the court held insufficient to authorize an injunction, an affidavit that all the material allegations in the petition were true to the best of the petitioner's knowledge and belief. The facts should be positively sworn to, and ordinarily a verification upon information and belief is not received for this purpose. 2 High on Inj., Sec. 1567.

The only proof of the facts stated in the original bill was the affidavit we have commented on, and that was no proof at all.

If the bill had been properly verified, the order could not be disturbed, although it was made before appearance or service of process. Gage v. Smith, 79 Ill. 219.

The order of the Superior Court is reversed and the cause is remanded.

*Reversed and remanded.*