## The Werner Company, a Corporation, etc., v. First National Bank of Miamisburg.

1. BILL IN CHANCERY—*Sufficient Verification.*—The following affidavit appended to a bill for an injunction was held to be an insufficient verification.

State of Illinois, County of Cook, ss.    Henry W. Prouty, being first duly sworn, on his oath says he is the agent in this behalf of the First National Bank of Miamisburg, the complainant, whose name is subscribed to the foregoing bill of complaint; that he has read said bill of complaint, and knows the contents thereof, and that the same is true of his own knowledge, except as to the matters and things therein stated upon information and belief, and that as to those matters and things he believes it to be true.

HENRY W. PROUTY.

Subscribed and sworn to before me this 23d day of June, A. D. 1894.
[SEAL.]                    WILLIAM G. WISE, Notary Public.

**Memorandum.**—Bill for an injunction.    In the Circuit Court of Cook County; the Hon. OLIVER H. HORTON, Judge, presiding.    Appeal from an order granting an injunction.    Heard in this court at the October term, 1894.    Reversed and remanded.    Opinion filed November 12, 1894.

APPELLANT'S BRIEF, NEWMAN & NORTHRUP, ATTORNEYS.

In the case at bar, the affidavit is a substantial copy of the affidavit used in the bill filed in the case of Brabrook Tailoring Co. v. Belding Bros. Co., 40 Ill. App. 326, in which the court says: " This is not a sufficient verification; it amounts to no more than a statement that William Strat-

ton believes the contents of the bill are true;" citing numerous decisions.

The affidavit in the case at bar is identical with the one in Stirlen v. Neustadt, 50 Ill. App. 378. There the court says, on page 379 : " That form of verification has been repeatedly condemned by this court. We are aware of no recognized precedent that sanctions such a form of verification." 3 Daniell's Chancery Pl. & Pr., 2171; 1 Barbour's Chancery Pr., 44; Puterbaugh's Chancery Pl. & Pr. (3d edition), 490; Am. & Eng. Ency. of Law, Vol. 10, p. 1004.

MR. JUSTICE GARY DELIVERED THE OPINION OF THE COURT.

June 23, 1894, the appellee filed in the Circuit Court a judgment creditor's bill against Alexander Belford, the alleged judgment creditor, to which bill the appellant was made a defendant. An order for an injunction, without notice to anybody, and without any bond, was made by the court the same day, and from that order this appeal is prosecuted. Besides the bill, and some copies of alleged documents, nothing was presented to the court, except affidavits attached, as follows :

" STATE OF ILLINOIS, ┐ ss.
   County of Cook, ┘    Henry W. Prouty, being first duly sworn, on his oath says that he is the agent in this behalf of the First National Bank of Miamisburg, the complainant, whose name is subscribed to the foregoing bill of complaint; that he has read said bill of complaint and knows the contents thereof, and that the same is true of his own knowledge, except as to the matters and things therein stated upon information and belief, and that as to those matters and things, he believes it to be true.

(Signed)    HENRY W. PROUTY.

Subscribed and sworn to before me this 23d day of June, A. D. 1894.

WILLIAM G. WISE.
[NOTARIAL SEAL.]    Notary Public."

"STATE OF ILLINOIS, ⎱ ss.
County of Cook.    ⎰

IN THE CIRCUIT COURT OF COOK COUNTY.
July term, A. D. 1894.

THE FIRST NATIONAL BANK ⎫ In Chancery.
OF MIAMISBURG            ⎪
v.                       ⎬
ALEXANDER BELFORD ET AL. ⎭ Gen. No.—

Henry W. Prouty, being first duly sworn, on his oath says that he is the agent in this behalf of the First National Bank of Miamisburg, the complainant in the above entitled cause, and that affiant is advised and believes, and so states the fact to be, that the rights of said complainant in said cause will be unduly prejudiced if the injunction in said cause, and which is prayed for in the foregoing bill of complaint, is not issued immediately or without notice to the defendants in said cause.

(Signed)    HENRY W. PROUTY.

. Subscribed and sworn to before me this 23d day of June, A. D. 1894.

WILLIAM G. WISE,
[NOTARIAL SEAL.]                    Notary Public."

In view of the many decisions by this court that affidavits like the first affidavit above copied are not sufficient to base action upon (Stirlen v. Neustadt, 50 Ill. App. 378), the appellee, not appearing here, has probably not thought it worth while to attempt to sustain the order appealed from.

As to the second affidavit, when a statute requires that a certain conclusion shall be made to " appear" as a ground of proceeding by any tribunal, the facts from which that conclusion follows must be proved to that tribunal, and it should not accept the opinion of anybody else upon that matter.    Mackubin v. Smith, 5 Minn. 367; 5 Gilfillan, 296.

We need not dispose of this case on that ground, and therefore confine the present decision to the first ground stated.

We do not, on this record, look into the sufficiency of the bill.    How the appellant could be prejudiced by the injunc-

tion does not appear, but it had the right to get rid of it. A court of chancery is sometimes very sensitive.

The order granting an injunction is reversed and the cause is remanded, with directions to dissolve the injunction as to appellant.