# Commerce Vault v. J. L. Hurd and C. F. Nettleton.

1. APPEALS AND ERROR—*From Interlocutory Orders.*—The statute allowing appeals from interlocutory orders granting injunctions does not contemplate that the court entering the order for injunction shall have anything to do with the appeal, the taking of an appeal under that act consists of a single act, filing a bond approved by the clerk. No prayer for an appeal is.to be addressed to anybody and nobody can fix any conditions for the appeal.

2. SAME—*From Interlocutory Orders—Separate Appeals May be Taken.*— The right to appeal from interlocutory orders granting injunctions is not limited to all the parties against whom an injunction may run, the parties may appeal separately.

3. SAME—*Approval of Bond.*—Where it appears that an appeal bond was taken and entered into before the proper clerk at his office and that it was filed in the office of said clerk, an objection that there was not sufficient approval by the clerk is not tenable.

4. SAME—*A Freehold Held not Involved.*—Where a right of way was claimed as appurtenant to a lease for a little over a year, it was held that a freehold was not involved and that an appeal was properly taken to the Appellate Court.

5. INJUNCTIONS—*Without Notice—Showing Necessary to Sustain.*—A complainant in a bill for an injunction must comply with the law by giving notice to the defendant of the application for an injunction, or by his bill or accompanying affidavits or both, make such a case, as entitles him to an injunction without notice, and on an appeal from an order granting an injunction without notice, the contention that the case should be considered in the same light as if the appellant had demurred or was moving to dissolve the injunction can not be maintained.

6. SAME—*An Injunction Held Improperly Granted Without Notice.*—The court discusses the allegations of the bill filed in this case and holds that they do not make a case for an injunction without notice.

**Injunction.** Appeal from the Circuit Court of Cook County; the Hon. ABNER SMITH, Judge, presiding. Heard in this court at the October term, 1897. Reversed and remanded. Opinion filed January 6, 1898.

BANGS, WOOD & BANGS, attorneys for appellant.

The injunction must be dissolved because it was issued without notice to appellant, and no facts appear either by the allegations of the bill or by affidavit which warrant the issuance of an injunction without notice.

Becker v. Defebaugh, 66 Ill. App. 504; Brough v. Schanzenbach, 59 Ill. App. 407; King v. Pardridge, 60 Ill. App. 475; Hovnanian v. Bedessern, 63 Ill. App. 353; Nusbaum v. Locke, 53 Ill. App. 242; R. S. Ill. on Injunctions, Sec. 3, Ch. 69.

G. W. & J. T. Kretzinger, attorneys for appellees.

The act of 1887 requires that the appellant file a bond approved by the clerk, and it must affirmatively appear in the record that the bond was so approved. Phoenix Ins. Co. v. Hedrick, 69 Ill. App. 184; Schoen v. Herzog, 66 Ill. App. 581.

Underneath the bond transcribed into this record is written: "Taken and entered into before me," etc. These words show no approval. The statute is strictly construed. The word "taken" can not mean here more than the fact that the bond was received and filed. "Entering into" means nothing more than signing. Approval involves inquiry, examination, judgment. In this case it involves fixing the amount, examining the sureties, examining the bond as to the form, and judgment after such examination. This statute casts this burden upon the clerk. This court must see from the record that such duty was performed; it must be expressly stated that the bond was approved. There is nothing now to cure this defect. "There is an absolute failure to perfect the appeal." Phoenix Ins. Co. v. Hedrick, 69 Ill. App. 184.

The act of June 14, 1887, which is the sole foundation for an appeal in this sort of a case, does not, directly or indirectly, permit one defendant to appeal from an interlocutory order without joining his codefendants. The right is not given by the statute, and therefore does not exist.

But it may be said, the Practice Act provides that

either one of the several defendants may remove a case to the Appellate Court by appeal.    Section 71 so provides.    But it has been invariably held in the construction of this section, that before one defendant to a judgment or decree may appeal separately, he must pray for an appeal and obtain an order allowing him to take this appeal and file a separate bond.    Hileman v. Beale, 115 Ill. 355.

Mr. Justice Windes delivered the opinion of the Court.

Appellees filed a bill in the Circuit Court, and without notice to appellant and three other defendants thereto, obtained an injunction restraining defendants from shutting or closing a certain iron gate extending across a certain passage way in rear of appellees' premises, used as a restaurant, described in the bill, and from obstructing the passage way in and to the rear of said premises, or from otherwise doing any act or thing of any kind or nature to obstruct or prevent the free use of said passage way.

The principal allegations of the bill, and the ones on which appellees' right to said injunction, if they have any such right, are based and made upon *information and belief.*    The affidavit to the bill is, viz.:

"State of Illinois, } ss.
    County of Cook,  }

"C. F. Nettleton being first duly sworn, on oath says that he has read the foregoing bill, by him subscribed as one of the complainants herein, and that he knows the same to be true, except as to those matters and things therein stated on information and belief, and as to such matters he believes the same to be true.                    "C. F. Nettleton.

"Subscribed and sworn to before me this 16th day of August, 1897.

"[n. p. seal]                "John J. Rooney,
                                "Notary Public."

Nine days after the bill was filed, appellant entered a motion to dissolve said injunction, which was continued, by order of the court, to the first day of the September term, 1897, but on the following day the court entered a further order vacating the order of the day previous, and allowing appellant to withdraw its motion to dissolve without prejudice. Three days thereafter, and on August 30, 1897, appellant filed in the office of the clerk of said Circuit Court its appeal bond in the usual form, reciting said order of injunction, and stating that it had taken an appeal from said order to this court, which bond was indorsed, viz.: "Taken and entered into before me at my office in Chicago, this 30th day of August, A. D. 1897.

"John A. Cooke, Clerk."

Appellees moved to dismiss appellant's appeal for the following reasons: First, that the appeal had not been taken in the manner required by the statute; second, no order of court was entered allowing appeal; third, no order of court was entered allowing appellant to appeal separately; fourth, the appeal bond was not approved by the clerk; fifth, the appeal bond is not in the form required by law; sixth, the record fails to show that appellees had any notice of the appeal; seventh, that the appeal involves a freehold; eighth, for other causes appearing upon the record.

This motion was reserved to the hearing.

The first, second and sixth reasons why said appeal should be dismissed, are not tenable. Sidway v. American Mortgage Co., 67 Ill. App. 24; Alles Plumbing Co. v. Alles, Id. 252.

In these cases this court held that the statute allowing appeals from interlocutory orders granting injunctions does not contemplate that the court entering the order for injunction shall have anything to do with the appeal; that "the taking of an appeal under this act

consists of a single act—filing a bond approved by the clerk; as the taking an appeal from the judgment of a justice is done by filing a bond with the justice, approved by him, or with the clerk of the court, approved by him. No prayer for an appeal is to be addressed to anybody and nobody can fix any conditions for the appeal." Also that the prayer and allowance of an appeal are wholly nugatory. If no order of court was necessary to the appeal, it follows that no notice of appeal was necessary. Appellees must follow the appeal, as in cases of appeals from justices of the peace.

The third reason is not tenable because the statute allowing the appeal (R. S., Ch. 22, Sec. 52), provides in terms that "the party taking such appeal shall give bond," etc. The right to appeal is not limited to all the parties against whom the injunction may run.

The fourth reason is not good, because it appears the appeal bond was taken and entered into before the clerk at his office in Chicago, and that it was filed in the office of said clerk. That was a sufficient approval by the clerk. Waldo v. Averett, 1 Scam. 487; Town of Ashkum v. Lake, 12 Ill. App. 25.

In the Waldo case, *supra*, being an appeal from a justice of the peace, and the surety not formally approved by the clerk, the court say: "Although the bond was not signed in the clerk's office, it was lodged there, as the law requires, and must have been approved by the clerk."

Under the fifth and eighth reasons counsel have not pointed out any specific ground why the appeal should be dismissed, and we have been unable to discover any under these points.

The seventh reason is not tenable, because no freehold is involved. Appellees claim a right of way or easement as appurtenant to their lease, which is from

April 27, 1897, to May 1, 1898. This is not a freehold. 6 Am. and Eng. Ency. of Law, 895.

The motion to dismiss the appeal is therefore overruled.

As before stated, the allegations of the bill on which appellees' rights to an injunction depend, if they have any such right, are made on *information and belief*, and the affidavit attached to the bill is so framed that we are unable, if we construe it as has been done by this court on similar affidavits in a long line of cases, to tell from its wording but that all the allegations of the bill *are on information and belief*. The contention of appellees that this case must be considered in the same light as if appellant had demurred or was moving to dissolve the injunction, can not in strictness be maintained. Appellees must first have complied with the law by giving notice to appellant of their application for an injunction, or by their bill or accompanying affidavits, or both, make such a case as would entitle them to an injunction, without notice. This court said in Becker v. Defebaugh, 66 Ill. App. 505: "No allegation of facts in the bill tends to show that the appellant could have done anything if notice of an application for injunction had been given, which would have put the appellee in a worse position. There was absolutely no reason for proceeding without notice. True, there is attached to the bill an affidavit of the appellee that 'he is advised and informed, and so states that his rights will be unduly prejudiced if an injunction is not issued immediately without notice to the defendant.'

"Any examination of the bill, therefore, to determine whether an injunction should issue, was premature in the court below, and would be equally so here.

"The appellee was and is not entitled to any consideration of his application unless he first comply with the statute, by giving notice or making 'it appear' to

to the court, judge or master to whom the application is made, by a *sworn statement of the facts,* either in the bill, accompanying affidavits, or both, from which the conclusion can be drawn that the 'rights of the complainants will be unduly prejudiced,' " etc.

The statute, Sec. 3, Ch. 69, R. S. Ill., is, viz.: "No court, judge or master shall grant an injunction without previous notice of the time and place of the application having been given to the defendants to be affected thereby, or such of them as can conveniently be served, unless it shall appear from the bill or affidavit accompanying the same that the rights of the complainant will be unduly prejudiced if the injunction is not issued immediately, or without notice."

The only allegation of said bill as to why said injunction should issue without notice is, viz.: "Your orators further represent that unless a restraining order is issued as hereinafter prayed for, immediately and without notice, restraining and enjoining said defendants hereinafter named, or any or either of them, from again closing said gate and obstructing said court and passageway as aforesaid, your orators will be irrevocably injured and damaged in the premises, and therefore your orators ask that said writ of injunction be issued immediately and without notice."

The greatest injury which could happen to appellees by the closing of the gate, so far as appears from the bill, is that it would prevent certain of their patrons from having access at certain hours by the rear entrance to appellees' restaurant. It does not appear but that these patrons, the gate being closed, could and would enter the restaurant by the front entrance. This damage would certainly be inconsiderable pending an application for injunction. Besides, if the injunction should issue, it could be made to have effect as of the

time the bill was filed and the notice given. The court would, no doubt, by its order of preliminary injunction and pending a final hearing, require the gate to be opened, if it appeared appellant closed it after notice of the application for injunction, and before the court could hear the application for preliminary injunction. We are clear, even if all the allegations of the bill were positive and the affidavit sufficient, that it does not make a case for injunction without notice.

This court in Stirlen v. Neustadt, 50 Ill. App. 378, speaking of a similar affidavit, said: ''What matters there may be in the bill that are stated on information and belief, can only be known by probing the mind of the pleader, but matters that are stated *to be* on information and belief can be ascertained by reference to the bill. This form of verification has been repeatedly condemned by this court. We are aware of no recognized precedent that sanctions such a form of verification.''

See, also, Siegmund v. Ascher, 37 Ill. App. 122; Werner Co. v. First Nat. Bank, 55 Id. 323; 2 High on Inj., Sec. 1567.

But it is unnecessary, in this case, to pass upon the sufficiency of the affidavit, in view of what we have said regarding the allegations of the bill itself, as also the other contentions of appellant.

The order of injunction is reversed and the cause remanded.