### Henry Neil et al. v. Frederick Oldach.

1. APPEALS—*From an Interlocutory Order of Injunction.*—No prayer for an appeal, and no order of the court allowing an appeal from an interlocutory order granting an injunction, is necessary to enable an appellant to perfect his appeal.

2. VERIFICATION—*Of a Bill for an Injunction.*—An affidavit in verification of a bill for an injunction, that " affiant has heard the above and foregoing bill subscribed by him, etc., and knows the contents thereof, and that the same is true of his own knowledge, except as to those matters which are therein stated on information and belief, and that as to those matters he believes it to be true, and that the rights of the complainant will be unduly prejudiced if the injunction is not issued immediately and without notice," is insufficient.

Interlocutory Order, granting an injunction. Appeal from the Circuit Court of Cook County; the Hon. CHARLES G. NEELY, Judge, presiding. Heard in this court at the March term, 1899. Reversed. Opinion filed December 21, 1899.

FELSENTHAL, D'ANCONA & FOREMAN, RUFUS S. SIMMONS and FRANK P. BLAIR, attorneys for appellants.

Payne & Chapin, attorneys for appellee.

Mr. Presiding Justice Sears delivered the opinion of the court.

This is an appeal from an interlocutory order of injunction. The order was entered upon *ex parte* application, and upon no other showing than the bill of complaint, and affidavit purporting to verify the same.

But two questions are presented upon this appeal; the first, by a motion of appellee to dismiss the appeal, and the second upon the contention of appellants that the injunction was improvidently issued because of insufficient verification of the bill of complaint.

The motion of appellee to dismiss the appeal is based upon supposed irregularity in the perfecting of an appeal prayed of, and allowed by order of, the Circuit Court. No prayer for an appeal and no order of the court allowing an appeal were necessary to enable the appellants to perfect their appeal from the interlocutory order. Sidway v. Am. Mortgage Co., 67 Ill. App. 24; Atlas Plumbing Co. v. Alles, Idem, 252; Com. Vault Co. v. Hurd, 73 Ill. App. 107; Hartzell v. Warren, 77 Ill. App. 274.

It is also contended that the bond is insufficient in form. A bond was given upon this appeal, which was approved by the clerk of the Circuit Court and within the period fixed by the statute. The statute which provides for the taking of appeals from interlocutory orders does not prescribe any precise form of appeal bond. By the terms of the act the giving of an appeal bond by the appellant to secure costs in the Appellate Court, and its approval by the clerk of the trial court, operate to perfect the appeal. The bond given in this appeal and approved by the clerk, recites that appellants "have given notice of their intention to appeal, and have prayed for and obtained an appeal to the Appellate Court," etc. Though the recital contains unnecessary matter, yet the bond does in effect secure the payment of costs in the Appellate Court, and is therefore sufficient.

The motion of appellee to dismiss the appeal must be denied.

The remaining question is as to the sufficiency of the showing made upon which the injunction order was issued. The application was *ex parte*. No evidence was presented in support of the application, and the only ground for the issuing of the order was the bill of complaint and the affidavit purporting to verify the allegations thereof. But the affidavit is insufficient for that purpose, in that it leaves it indefinite as to which allegations of the bill are positively verified and which are stated to be true upon information and belief only. The form of the averments in this affidavit has been before this court several times, and has in each instance been pronounced insufficient. The affidavit is in part as follows: That affiant has heard the above and foregoing bill subscribed by him, etc., and knows the contents thereof, and that the same is true of his own knowledge, except as to those matters which are therein stated on information and belief, and that as to those matters he believes it to be true, and that the rights of the complainant will be unduly prejudiced if the injunction is not issued immediately and without notice.

This is not sufficient. Siegmund v. Asher, 37 Ill. App. 122; Brabrook T. Co. v. Belding, 40 Ill. App. 326; Heffron v. Rice, Idem, 244; Stirlen v. Neustadt, 50 Ill. App. 378; Werner Co. v. First Nat. Bank, 55 Ill. App. 321; North Elec. Ry. Co. v. C., M. & St. P. Ry. Co., 57 Ill. App. 409; Commerce Vault Co. v. Hurd, 73 Ill. App. 107.

The order is therefore reversed.