## James E. Pepper Distributing Company, et al., v. Angus McLeod, et al.

### Gen. No. 12,428.

1. INJUNCTION—*when order for, obtained without notice, erroneous.* An injunction granted without notice upon a bill not positively verified, is erroneous.

2. INJUNCTION—*what essential to granting of, without notice.* In order that an injunction may be properly granted without notice, the complainant must show such facts by sworn statement, either in the bill or accompanying affidavits, or both, as will enable the court to draw the conclusion that his rights will be unduly prejudiced by the giving of notice; a mere statement of conclusions will not suffice.

Appeal from interlocutory order granting injunction. Appeal from the Circuit Court of Cook County; the Hon. JOHN GIBBONS, Judge, presiding. Heard in this court at the March term, 1905. Reversed. Opinion filed July 17, 1905.

ZEISLER, FARSON & FRIEDMAN, for appellants.

CYRUS HEREN and F. A. ROCKHOLD, for appellees.

MR. JUSTICE BROWN delivered the opinion of the court.

This appeal from an interlocutory injunction of the Circuit Court is principally based on the insufficiency of the affidavits filed with the bill to sustain the order for the injunction, which was obtained without notice.

It is also argued by appellants that the injunction is too broad, and that a court of equity is without jurisdiction in the subject-matter.

With these last contentions we do not agree. There is enough on the face of the bill to warrant an injunction *pendente lite* to preserve the *status quo* if the allegations were properly verified. But they are not so verified, and the order for this injunction, obtained without notice, must be reversed.

Whatever might be properly urged in relation to the reasonable construction of the language in the affidavits involved here, if it were a matter of first impression, it has become a closed question in this court by a long line of decisions; that such an affidavit as is appended to the bill as a verification, does not assert the truth of any allegation therein positively. Neil v. Oldach, 86 Ill. App., 354, and cases therein cited.

Had the affidavit, as in Parish, et al. v. Vance et al., 110 Ill. App. 50, positively asserted the truth of all the allegations of the bill, except those "therein *stated to be* upon information and belief," and there had been none "therein so stated," the argument of appellees would be valid, but the affidavit under discussion says that "the allegations are true * * * except such as *are* alleged on information and belief," etc. This leaves it, so this court has often held, entirely indefinite as to which allegations are alleged on information and belief, and consequently which are and which are not positively verified. Without further verification of the bill than this affidavit, therefore, the injunction should have been refused, even if the application had not been *ex parte* and without notice. For an interlocutory injunction is in any case seldom granted without adequate verification of the bill (High on Injunctions, sec. 1567;

38

Hawkins v. Hunt, 14 Ill., 42; Board of Trade v. Riordan, 94 Ill., 298), and in this case we should have felt obliged to have held it fatally erroneous.

It is, moreover, in direct violation of the statute, and therefore necessarily erroneous to grant without notice an injunction unless "it shall appear from the bill or affidavit accompanying the same, that the rights of the complainant will be unduly prejudiced" if the injunction is not so issued without notice. This has been often held by this court to mean that to avoid the necessity of notice the complainant must show such facts by sworn statement, either in the bill or accompanying affidavits, or both, as will enable the court to draw the conclusion that the rights of the complainant will be unduly prejudiced by giving it. Becker v. Defebaugh, 66 Ill. App., 504, and cases therein cited. The mere statement of a conclusion by the affiant that the rights of the complainant will be so unduly prejudiced is not sufficient. To this proposition this court is committed. Board of Trade et al v. Riordan, 94 Ill. App., 298.

In the case at bar the affidavit especially prepared to secure the injunction without notice contains no allegations of facts of any kind, and therefore we are referred entirely to the bill for them. But as they appear in the bill they are, as before pointed out, unsworn in the sense in which there must be verification to justify an injunction. It is not, therefore, necessary for us to decide whether they are sufficient were they properly verified to warrant the action of the court below. But it may be noted that any conclusion that the rights of complainant would be prejudiced by notice must be a purely speculative inference if drawn from any facts thus alleged in the bill.

*Reversed.*