William J. Schroth, Appellee, v. John C. Siegfried, Appellant.

## Gen. No. 17,669.

1. INJUNCTIONS—*when verification will not support.* An injunction will not be sustained where the pleading upon which its granting is predicated is not properly verified.

2. CHANCERY—*to what extent will exercise jurisdiction.* If a court of chancery acquires jurisdiction of the parties and of the subject-matter of a controversy for one purpose it will retain it for all purposes and will adjudicate the entire controversy and may by injunction prevent the determination thereof part at law and part in equity.

Bill in chancery. Appeal from the Circuit Court of Cook county; the Hon. JOHN GIBBONS, Judge, presiding. Heard in this court at the March term, 1911. Reversed. Opinion filed July 10, 1911.

HIRAM T. GILBERT and C. LeROY BROWN, for appellant.

ALFRED BARSTOW and HERBERT A. SCHRYVER, for appellee.

MR. JUSTICE SMITH delivered the opinion of the court.

The appellant was in the tea business under the firm name and style of John C. Siegfried & Company in Chicago, San Francisco and Kobe, Japan. In 1894 he entered into a contract with appellee, whereby it was agreed that appellee was to take charge of the business at Kobe, Japan. The parties here agree that by the terms of the contract appellee was to be paid a salary and in addition thereto receive five per cent. of the profits; that in 1897 the contract was modified and appellee was to receive seven and one-half per cent. of the profits, and in 1903 the contract was again changed and appellee was to receive fifteen per cent. of the profits. Whether before 1897 this percentage agreed upon was limited to the business done at Kobe, Japan, or to be allowed upon the business done at Chicago and San Francisco, is, with other questions pertaining to the contract, in dispute.

In 1907 the appellant discharged appellee and by agreement in December, 1908, their differences pertaining to the business done in Kobe, Japan, were submitted to arbitration. In January, 1909, the arbitrators made an award, finding that the appellee was indebted to the appellant in the conduct of said business at Kobe in the sum of 60,456 yen and 49 sen in the money of Japan, or about $30,225 in the money of the United States.

In March, 1909, the appellee filed a bill in the Circuit Court of Cook county, and subsequently an amended bill was filed, appellee claiming that the said contract provided, among other things, that appellee was from 1894 to receive a share of the said business of appellant wherever transacted; that separate books and accounts were to be kept for the business transacted in Japan, and for that which was transacted in the United States from the offices at Chicago and San Francisco; that the said contract provided that said books and accounts were to be closed, inventory taken and trial balances made every six months, and thereupon the net profits were then to be divided according to the percentages agreed upon, etc. The appellee further alleged that during said time and since, he made frequent demands upon said appellant that the said books be closed and a statement rendered and a settlement made with him of the business in the United States, as provided by the terms of said contract, but the appellant refused, etc.; that the appellant has made large profits, etc., in said business transacted in the United States, and only paid the appellee the sum of $2,000 thereof, and on an accounting appellee would be found entitled to a large sum, etc. The defendant answered; the cause was placed at issue and referred to a master in chancery. On the hearing before the master the appellant introduced in evidence the said award, showing the appellee owed the appellant about $30,225 on account of the Kobe business. In the original bill appellee stated, "the question of an accounting of the business in Japan has been adjusted to your orator's satisfaction by arbitration in that country." The proofs were closed by the master, and pending the master's report

the appellant began an action at law on March 24, 1911, in the Municipal Court of Chicago on said award for the sum of $40,000.

The appellee filed a petition in the said suit in chancery, reciting among other things the foregoing and praying the court to restrain the appellant from prosecuting said suit at law. The chancellor, without hearing any evidence and according to the record without a hearing of any kind, in the language of the order: "On motion of solicitor for complainant and this cause coming before the Court upon the petition or supplemental bill," restrained the appellant from prosecuting said suit at law "until the master's report is filed herein," upon filing bond, etc. From such interlocutory injunction this appeal is prosecuted.

The allegations in the petition are verified on information and belief. The appellant insists in a learned and exhaustive argument that on the record before us, because the affidavit does not assert possitively the truth of any of the allegations in the petition, the order must be reversed. The affidavit is similar to that appearing in Werner Co. v. First National Bank, 55 Ill. App. 321, and there held insufficient. It has been repeatedly held by this court that such an affidavit is one upon information and belief, and an injunction order entered upon a bill or petition thus verified cannot be sustained. Siegmund v. Ascher, 37 Ill. App. 122; Chicago Exhibition Co. v. Illinois State Board, 77 Ill. App. 339; Neil v. Oldach, 86 Ill. App. 354; Board of Trade v. Riordan, 94 Ill. App. 298; Crawford-Adsit Co. v. Bell, 95 Ill. App. 427; Pepper Distributing Co. v. McLeod, 121 Ill. App. 592; The Christian Hospital v. The People, 223 Ill. 244; 2 High on Injunctions, sec. 1567. In view of these authorities the order must be reversed.

The counsel for both parties urged the court, in case of a reversal on the insufficiency of the affidavit, to pass upon the merits presented by the allegations of the petition. We think it, under the circumstances, proper to so do, and shall state in a general way and very briefly the decision of the court on the merits as requested.

The appellee claims that a court of chancery having jurisdiction of the parties and the subject-matter will retain jurisdiction. While it is true that the bill prayed for an accounting only of the Chicago business, that did not necessarily limit the jurisdiction of the court on the subject-matter to an accounting of the Chicago business where the bill was based on the same contract under which the Japan business was conducted and the award made, and further, when the appellant himself made the said award a part of the case by introducing the same in evidence before the master. In Kelly v. Galbraith, 186 Ill. 593, the court said, 608: "The rule is well established that, when a court of equity has jurisdiction of a cause for one purpose, it will retain such jurisdiction for all purposes. Where the controversy requires any purely equitable relief, such as will give a court of equity the right to act, the court will proceed to a final determination of all the matters at issue, and in doing so, it may establish purely legal rights and grant legal remedies, which would otherwise be beyond its power."

Pomeroy's Equity Jurisprudence, vol. 1, 3rd. ed., sec. 231 in part: "The rule has already been stated, as one of the foundations of the concurrent jurisdiction, that where a court of equity has obtained jurisdiction over some portion or feature of a controversy, it may, and will in general, proceed to decide the whole issues, and to award complete relief, although the rights of the parties are strictly legal and the final remedy granted is of the kind which might be conferred by a court of law."

The appellant claims that it is a well settled general rule that an employee or agent who has been guilty of fraud upon his employer or principal in the transaction of his employment or agency is not entitled to compensation for his services, and for the purpose of showing that the appellee was guilty of fraudulently converting funds to his own use and embezzlement in his conduct of the agency at Kobe, and for that purpose only, the said award was introduced in evidence. The reason so given in argument has no foundation in the record. The award is not before us, and it only appears

from the record that said award found that the appellee was indebted to appellant in the sum of about $30,225 as heretofore mentioned. The allegations of the petition, the bill and amended bill in no way can be construed to warrant such charges. The answer of the appellant to the amended bill makes general allegations of fraud, stating no facts, but does set out in detail what he claims was the contract as to salary, house rent, expenses, etc., to be allowed appellee, and also that the said appellee was to receive under the contract certain percentages of the profits and also to bear the same percentages of losses, if any. In other words, the answer sets up facts that would establish a copartnership, and, if such a relation existed, then of course there could be no embezzlement.

It is therefore apparent from the petition that the court has jurisdiction of the matters in evidence before it pertaining to the controversy; and we are of the opinion that the transactions in question arising out of the same contract and properly submitted in evidence to the court, were not, as shown by the petition, distinct transactions of the nature that a court of equity would refuse to consider. "When the rights of the parties are doubtful the Court will, on an application for interlocutory injunction, consider the comparative injury which will result from granting or withholding the injunction, as well as the justice of the case as it appears on the evidence." 2 Daniel's Ch. Pl. & Pr., 1664. We therefore conclude that the court, on the merits of the allegations of the petition, properly entered said order.

Under the circumstances a petition was the proper method of presenting the question of an injunction to the court. High on Injunctions, vol. 2, sec. 1566.

The interlocutory injunction is reversed on the ground of the insufficiency of the verification of the petition.

*Reversed.*