Albert Grabarski et al., Appellees, v. Leonard J. Stankowicz et al., on appeal of The Prudential Insurance Company of America and Henry Chodakiewicz, Appellants.

### Gen. No. 19,424.

1. CHANCERY—*when verification of bill insufficient.* A verification of a bill stating that complainant "has read the bill of complaint subscribed to by him; that he knows the contents thereof,

and that as to all matters and things therein contained, he states them to be true, except as to such matters as are stated on information and belief and that as to such matters he verily believes them to be true," is insufficient.

2. INJUNCTIONS—*when no grounds alleged for issuing injunction without notice.* There are no grounds for issuing an injunction without notice where the bill and affidavits allege on information and belief that complainant will be irreparably damaged unless an injunction is issued without notice, but no facts are set up which would warrant such a conclusion.

Appeal from the Circuit Court of Cook county; the Hon. JOHN GIBBONS, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1913. Reversed. Opinion filed April 24, 1913.

HOYNE, O'CONNOR & IRWIN, for appellants; CARL J. APPELL, of counsel.

No appearance for appellee.

MR. JUSTICE MCSURELY delivered the opinion of the court.

This is an appeal from an interlocutory injunctional order entered without notice, restraining *inter alia* the appellant Henry Chodakiewicz from paying out or transferring any money or property, and restraining the other defendants from paying or turning anything over to him.

The bill filed was a bill for contribution, alleging, in substance, that the complainants and defendants had entered into a contract of guaranty, guaranteeing the accounts of The Bell, a corporation, which had become insolvent and adjudged bankrupt, and that complainants had compromised and paid at 75 cents on the dollar certain claims against The Bell, and by their bill they asked that the defendants be required to contribute their *pro rata* share of the same. The bill further stated on information and belief that the complainants feared that defendants might dispose of their property and assets unless restrained by injunction

without notice, and that complainants feared they would suffer irreparable injury unless such injunction were issued without notice.

Three points are presented by appellants in support of their prayer in this court that the injunctional order be reversed and the injunction dissolved. We express no opinion as to the first point presented, which is the claim that the bill shows no ground for equitable relief, but shall leave the determination of this point to the trial chancellor.

The second point raised is that the bill is improperly verified. On reference to the affidavit to the bill we find that Grabarski, complainant, swears "that he has read the bill of complaint subscribed to by him; that he knows the contents thereof, and that as to all matters and things therein contained, he states them to be true, except as to such matters as are stated on information and belief and that as to such matters he verily believes them to be true." This form of verification has been so repeatedly held to be insufficient that it is unnecessary for us to do more than cite some of the cases. Christian Hospital v. People, 223 Ill. 244; Siegmund v. Ascher, 37 Ill. App. 122; Stirlen v. Neustadt, 50 Ill. App. 378; Commerce Vault v. Hurd, 73 Ill. App. 107, and many other cases.

The bill and affidavit are also open to the criticism that the charges of fraud are made on information and belief only, and are also mere general averments of conclusions, without setting out any facts which would warrant such conclusions. Murphy v. Murphy, 189 Ill. 360; Toles v. Johnson, 72 Ill. App. 182.

It is also claimed that there were no grounds for issuing the injunction without notice. The statute provides that no injunction shall be granted without previous notice of the time and place of the application "unless it shall appear, from the bill or affidavit accompanying the same, that the rights of the complainant will be unduly prejudiced if the injunction is not issued immediately or without such notice." Ill. Re-

vised Statutes, chapter 69, sec. 3. In this case the bill and affidavits merely allege on information and belief that "your orators will be irreparably damaged" unless an injunction is issued without notice, but neither the bill nor the affidavits set up any facts which would warrant such a conclusion.

"When a statute requires that a certain conclusion shall be made to 'appear' as a ground of proceeding by any tribunal, the facts from which that conclusion follows must be proved to that tribunal, and it should not accept the opinion of anybody else upon that matter." Werner Co. v. First Nat. Bank of Miamisburg, 55 Ill. App. 321.

"A mere statement of a conclusion in an affidavit is not sufficient to make it appear that the complainant will be unduly prejudiced if the injunction is not issued without notice." Brough v. Schanzenbach, 59 Ill. App. 407.

To the same effect are Goldberg v. Laughlin, 137 Ill. App. 283; Williams v. Harper, 127 Ill. App. 619, and many other cases.

For the reasons above indicated the injunctional order will be reversed.

*Reversed.*