Anastazia Grabowski and Stephen R. Carynski, Appellees, v. William L. MacLaskey, Appellant.

Gen. No. 34,220.

Opinion filed May 14, 1930.

HAROLD O. MULKS, for appellant.

WILLIAM C. JASKOWIAK, for appellees.

MR. JUSTICE RYNER delivered the opinion of the court.

This is an appeal from an interlocutory order of the circuit court of Cook county, appointing a receiver in a foreclosure proceeding. The bill to foreclose was filed on January 4, 1930, and the material allegations are that:

1. The complainant, Anastazia Grabowski, is the legal owner and holder of a certain principal promissory note for the sum of $16,000, together with interest coupons, and all secured by a trust deed conveying the premises described in the bill.

2. A default occurred by reason of the failure to pay interest coupon number 8, for $480, which matured on December 2, 1929.

3. A further default occurred on account of the failure to pay a premium of $5.20 on $2,000 of fire insurance, and a premium of $1.60 on a policy of tornado insurance in the sum of $1,000, both premiums being due on October 30, 1929.

4. The premises were sold on August 31, 1928, for the general taxes for the year 1927, amounting to

$373.72 and were again sold on November 15, 1928, for the fourth instalment of a certain warrant amounting to $4.04. Each sale carried a penalty of 12 per cent.

5. Prior to the filing of the bill, the complainant elected to declare the entire indebtedness due, amounting to $16,480, together with interest.

6. The premises have a ''steam heat plant and that it is necessary that fuel be bought to keep the plant running, and that said Andrew Nelson and Carrie Nelson, refuse to buy said fuel, which refusal may cause the entire building to become vacant because of lack of heat during the winter season, and that said premises are neglected and are in great danger of loss by reason of such neglect.''

7. Unless a receiver is appointed pending the hearing on the bill, the complainant will lose a large sum of money.

8. Each defendant liable for the indebtedness secured by the trust deed being foreclosed is financially irresponsible.

9. The premises are incumbered by a junior trust deed given to secure an indebtedness of $5,000.

William L. MacLaskey, who brings this appeal, is named as a party defendant, together with others. The bill charges that the defendants have, or claim to have, some interest in the premises, as purchasers, mortgagees, lienholders, judgment creditors, tenants, or otherwise, but that their rights are subordinate to those of the complainant.

The bill does not show the value of the property being foreclosed. It does not even plead the conclusion that it is scant security. It does not allege a continuation, to the time of filing the bill, of the defaults charged, except the failure to pay the interest coupon for $480. An attempt is made to show waste by alleging that Andrew Nelson and Carrie Nelson refused to buy fuel for heating purposes and that the premises

are neglected. There is no showing as to any obligation of the Nelsons in reference to maintaining the premises. It merely appears that, at some time, the Nelsons took the premises subject to the lien of the trust deed under foreclosure. There is no charge that MacLaskey, who evidently was the owner of the property, refused to furnish fuel. There is not even an allegation as to who the owner of the property is, or who is in possession.

The verification to the bill is as follows:

"Anastazia Grabowski and Stephen R. Carynski, Trustee, being first individually and separately sworn upon oath depose and say that they are the complainants in the above entitled cause; that they have read the above and foregoing Bill of Complaint, and that the same is true in substance and in fact, except as to such portions thereof as are stated on information and belief, and as to those parts they believe them to be true."

This form of verification has been repeatedly held bad. An examination of the bill fails to disclose what allegations are based upon information and belief. To determine that, it would be necessary to search the mind of the pleader. If the bill contained false allegations and the complainant was prosecuted for perjury she could escape the penalties of the law by saying that the false allegations were based solely upon her belief, whether she, in fact, believed them to be true or false. Such an affidavit has no evidentiary value. *Sherman Park State Bank v. Loop Office Bldg. Corp.,* 238 Ill. App. 450; *Christian Hospital v. People,* 223 Ill. 244.

Counsel for the complainant relies upon the case of *Hulse v. Nash,* 332 Ill. 500, to support his position that the affidavit is sufficient. But the case, in fact, refutes his contention. Among other things, the court said:

"The affidavit as to the representations made on information and belief is in the identical form approved in *Farrell v. Heiberg, supra,* but appellee insists that

that part of the affidavit is defective because it is impossible to tell what is sworn to positively and what is sworn to on information and belief. He states that the form should be, 'except as to those matters therein *stated to be* on information and belief.' It is true that an affidavit that the facts in a pleading 'are true, except so far as they are stated on information and belief,' has been held defective in failing to distinguish between matters stated on the pleader's own knowledge and those stated on information and belief. *(Christian Hospital v. People,* 223 Ill. 244.) Such an affidavit, instead of referring the court to the pleading to ascertain what is represented to be on information and belief, requires a search of the mind of the pleader for what he intended to assert on information and belief.''

In *Christian Hospital v. People, supra,* the court in its opinion said:

''Another ground for insisting that the injunction was void is, that it was issued without any evidence of the truth of the statements made in the bill, and that the bill was not verified. There was an affidavit to the bill in which the complainant stated that the matters and things related in the bill were true in substance and fact, except so far as they were stated on information and belief, and it was defective in failing to distinguish between matters which were stated upon complainant's own knowledge and those which were stated on information and belief.''

According to the affidavit of one Mary J. Sajewski, she on the evening of January 8, 1930, deposited in the U. S. Mail a notice of the making of an application for the appointment of a receiver of the premises on January 10, 1930. The affidavit states that one copy was addressed to William L. MacLaskey at 155 North Clark Street, Chicago. No reason is shown why an attempt was made to serve him by mail instead of personally.

On January 10, 1930, a receiver of the premises was appointed. His bond was fixed at the sum of $1,000. The complainants' bond was waived. The only ground stated in the order for waiving it was that:

"Complainants' bond, for good cause shown, is hereby expressly waived."

It does not appear that MacLaskey was present or represented upon the hearing of the motion.

On January 21, 1930, on motion of his solicitors, the receiver's bond was approved. Incorporated in the order of approval is the following:

"The Court finds that due notices had been served on all parties concerned and upon a full hearing of the subject matter herein, the Court is of the opinion that the complainants' bond, for a good cause shown, should be and the same is hereby expressly waived."

Again it does not appear that MacLaskey was present or represented upon the hearing of the motion. In fact it does not appear that he was served with notice of any kind. By what right or authority the receiver applied for and obtained an order waiving the complainants' bond is beyond legal comprehension. In common parlance, it was none of his affair.

On January 22, 1930, MacLaskey's appearance in the cause was entered. On February 8, 1930, his appeal bond was approved and filed with the clerk of the court.

On February 15, 1930, the complainants obtained an order reciting the entry of the orders of January 10 and January 21, 1921. It further recited that these orders waived the complainants' bond but that they had elected to give bond pursuant to the statute. They were ordered to give bond in the sum of $500 within five days. If they failed so to do the two previous orders were to be vacated. If they gave bond the two orders were to be confirmed.

On February 17, 1930, MacLaskey filed his answer, supported by a positive verification. It calls for strict

proof of the allegations of the bill. It contains a denial that there was any failure or refusal to furnish heat or that the defendants, liable for the indebtedness secured by the trust deed under foreclosure, are financially irresponsible. It alleges that MacLaskey is the owner in fee simple, of the premises, and that he is in possession, through his various tenants.

On the same day the complainants filed and had approved their bond. Its material recitals and provisions are:

1. The complainants and the surety bind themselves "unto the People of the State of Illinois in the sum of $500," etc.

2. Signed, sealed and dated January 21, 1930.

3. On January 10, 1930, Victor A. Porazinski was appointed receiver "of all the property, equitable interests, things in action and effects of the defendant, William L. MacLaskey et al., except such as are by law exempt."

4. "Now, therefore, if the above bounden Victor A. Porazinski shall well and truly pay to the said defendant all damages, including reasonable attorneys' fees, sustained by reason of the appointment and acts of said Receiver, in case the appointment of such Receiver is revoked or set aside, then the obligation to be void, otherwise to remain in full force and effect."

It will be noted that the bond falsely recites that a receiver of all of the property and effects of William L. MacLaskey "et al.," was appointed. The receiver, who is not a party to the bond is to pay all damages in the event the receivership is held to be wrongful. He is to pay them to "the defendant." But which one of the twenty defendants, named in the bill is to be protected by the bond is not designated.

The entire proceedings are so permeated with error as to require a reversal of the order of January 10, 1930, appointing the receiver. The bill of complaint

does not state the value of the property or even plead the conclusion that it is scant security. It does not show that any of the alleged defaults, except the failure to pay an interest coupon of the face value of $480, continued to the time of the filing of the bill. It contains no statement as to the ownership or possession of the premises. The only charge of waste is made against persons not shown to be owners or in possession of the property.

In addition, the verification is fatally defective to give the bill of complaint evidentiary value upon the application for a receiver. There are authorities which appear to hold that where the verification is direct, but coupled with a defective information and belief statement and the bill does not state that any of its allegations are upon information and belief, we should assume that all of the allegations are stated upon direct knowledge. With this view we cannot agree. The very fact that the party making the affidavit says that the allegations of the bill are true, except that he merely believes those to be true which are stated upon information and belief, should be regarded as conclusive evidence that he does not vouch that all of the allegations are true of his own knowledge.

An attempt to serve notice by mail upon MacLaskey of the application for a receiver on January 10, 1930, was made. The notice was ineffective because it did not comply with the law or the rules of court. *Haj v. American Bottle Co.*, 261 Ill. 362.

The order of January 21, 1930, excusing complainants' bond in the language of the statute was entered upon application of counsel for the receiver. Counsel for MacLaskey states in his brief that no notice of the application for the entry of this order or the order of February 15, 1930, was served upon MacLaskey. The truth of this statement is not challenged by counsel for the complainants or by the record.

The bond finally given by the complainants, contrary to the statute, obligates them to the People of the State of Illinois, instead of to the defendants and is conditioned upon the receiver paying to "the said defendant" (without naming him) all damages, including reasonable solicitor's fees in case the appointment of the receiver should be revoked or set aside.

Counsel for the complainants raises no objection about the incorporation in the transcript of record of the proceeding subsequent to the filing of the appeal bond. We refer to them because they emphasize the utter disregard by counsel of sound law and practice throughout the entire proceeding.

The order of the circuit court of Cook county of January 10, 1930, appointing a receiver, is reversed.

*Order reversed.*

WILSON, P. J., concurs,

HOLDOM, J., not participating.