Palmer Grill, Inc., Complainant, Appellee, v. Alex Nory et al., Defendants.
Interlocutory Appeal of Alex Nory et al., Defendants, Appellants.

**Gen. No. 36,145.**

Heard in the third division of this court for the first district. Opinion filed November 16, 1932.

EDELSON, LATTER & WISE, for appellants; CAMERON LATTER, of counsel.

D. G. MICHALOPOULOS, for appellee; DAVID B. ROTHSTEIN, of counsel.

Mr. Justice Hall delivered the opinion of the court.

This is an appeal from an interlocutory order of the circuit court, that an injunction issue against appellees restraining and enjoining them and each of them from foreclosing a certain chattel mortgage; from taking possession of complainant's place of business, property, fixtures and equipment therein; from proceeding upon a certain judgment and a levy thereon and from prosecuting a certain replevin suit commenced by one of the defendants against complainant. The injunction was issued *pendente lite* and without notice to the defendants. The verification to the bill of complaint upon which the injunction order issued is as follows:

"State of Illinois } ss.
 County of Cook }

"Nick Palmer, being first duly sworn on oath says that he is the agent and attorney in fact of the Palmer Grill, Inc., a Corporation, the complainant in the foregoing Bill of Complaint; that he has read the said Bill and understands the contents thereof, and that the several matters and things therein stated and alleged are true in substance and in fact; except as to such matters as are stated on information and belief, and as to such matters he believes them to be true.

Nick Palmer

"Subscribed and sworn to before me this 8th day of June, A. D. 1932."

. As stated by this court in *Grabowski v. MacLaskey,* 257 Ill. App. 484:

"This form of verification has been repeatedly held bad. An examination of the bill fails to disclose what allegations are based upon information and belief. To determine that, it would be necessary to search the mind of the pleader. If the bill contained false allegations and the complainant was prosecuted for perjury

she could escape the penalties of the law by saying that the false allegations were based solely upon her belief, whether she, in fact, believed them to be true or false. Such an affidavit has no evidentiary value. *Sherman Park Bank v. Loop Office Bldg. Corp.*, 238 Ill. App. 450; *Christian Hospital v. People*, 223 Ill. 244.''

An examination of the bill in the instant case shows that it is impossible for the court to know what is stated as a fact and what is ''stated on information and belief.'' If every allegation in the bill were false, the maker of the affidavit could not be prosecuted for perjury, for it might well be said in defense that each and all were ''stated on information and belief.''

The order of the circuit court of Cook county that the injunction issue as prayed, is, therefore, reversed and remanded because of the insufficiency of the affidavit to the bill of complaint. In view of this finding, it will not be necessary for this court to pass upon the other questions raised by appellant in its brief.

*Reversed and remanded.*

WILSON, P. J., and HEBEL, J., concur.