P. J. Callahan et al., Appellees, v. Henry K. Holsman
et al., Defendants.
On Appeal of Samuel L. Rosenblatt and Joseph G.
Engert, Appellants.

Gen. No. 46,031.

1

Opinion filed May 12, 1953. Rehearing denied June 2, 1953. Released for publication August 4, 1953.

CHARLES F. GRIMES, J. HAROLD YOUNG, SAMUEL FUMEL, and BERMAN & HORNICK, all of Chicago, for appellants.

DAVID F. MATCHETT, JR., of Chicago, for appellees.

MR. JUSTICE SCHWARTZ delivered the opinion of the court.

The complaint in this case charged that certain defendants, other than appellants, promoted and created what is called a "Mutual Development Trust"; that they sold beneficial interests therein to plaintiffs and others, and thereafter fraudulently caused to be executed a second mortgage trust deed on the trust prop-

2

erty, to secure a note for $80,000 issued to themselves, and sold and transferred the same to defendants Samuel L. Rosenblatt and Joseph G. Engert, hereinafter referred to as appellants. The only charge against appellants is that they knew "that the execution of the purported second mortgage trust deed and the notes secured thereby was ordered by the defendants [other than appellants] in fiduciary capacities and were chargeable with notice that the said actions were a violation of fiduciary duties on the part of said defendants."

Upon this complaint and upon notice, but with no opportunity to argue the same, a temporary injunction was issued which restrained appellants from "taking action to foreclose the second mortgage trust deed . . . or from instituting legal proceedings to secure payment of the notes secured thereby or transferring or in any way disposing of said second mortgage trust deed or the notes secured thereby." A motion to dissolve made by appellants was denied and an appeal was taken from the order granting the injunction and from the order denying the motion to dissolve the same.

The first question presented for decision is a technical one, that is, whether the verification to the complaint upon which the injunction order was issued is correctly worded. The verification, by one of the plaintiffs, contains the usual language—that he is acquainted with the facts stated in the complaint and that the same are true, followed by this qualification, "except for such facts as are stated on information and belief and that as to these he verily believes them to be true." It is the argument of appellants, supported by considerable authority, that failure to include the words "to be" after the word "stated" makes the affidavit inadequate. The argument is that inasmuch as

3

the exception is not confined to those facts which are in the complaint stated *to be* on information and belief, it may cover all the averments of the complaint, and only by searching the mind of the pleader can we know which facts he knew firsthand. Cases cited by appellants are *Palmer Grill, Inc. v. Nory,* 268 Ill. App. 292, 293; *Grabowski v. MacLaskey,* 257 Ill. App. 484, 487; and *Hulse v. Nash,* 332 Ill. 500, 506. The language in the two Appellate Court cases cited sustains appellants' position, and there are other cases to the same effect. In neither case did the complaint contain any allegations on information and belief. In *Hulse v. Nash,* 332 Ill. 500, the Supreme Court had before it a verification, the wording of which was slightly different from the verification in this case. The complaint related to an election contest, and the exception in the affidavit read as follows: "except as to those matters set forth upon information and belief." The court held that this affidavit was sufficient. It appears to us that it is subject to the same objection as the affidavit in the instant case. There may be some distinction between the words "set forth" and the word "stated," but it is difficult to see that it is anything more than a distinction without a difference. If the Supreme Court had adhered to the true meaning of the previous decisions then, to be correct, the verification in *Hulse v. Nash* should have read "except as to those matters which are set forth *in the complaint as being* on information and belief." In our opinion, *Hulse v. Nash, supra,* clearly indicates the departure of the Supreme Court of this State from adherence to this highly technical principle. From a reading of the cases which have laid down the principle and from practical knowledge of the situation, it is our opinion that the rule is a snare and a pitfall for the unwary member of the profession. Our decisions should not

4

turn on such points. MR. JUSTICE BRISTOW in *Karlock v. New York Cent. R. Co.,* 333 Ill. App. 655, quotes MR. JUSTICE CARDOZO as follows:

"The law has outgrown its primitive state of formalism when the precise word was the sovereign talisman, and every slip was fatal. It takes a broader view today."

Applications for temporary injunctions are matters of urgency, and complaints are prepared under pressure. While the complaint and the verification attached to it should clearly show the right to the remedy, some discretion should be allowed to the chancellor and the reviewing court in determining the intent of the affidavit. If, as here, the complaint contains some averments set forth as being on information and belief, then an affidavit which avers that all matters stated in the complaint are true "except for such facts as are stated on information and belief," should be construed as referring to such matters as are in the complaint stated *to be* on information and belief. The reason for the hairsplitting doctrine—and a hair-raising one for practicing lawyers—is that a criminal proceeding for perjury could not be predicated on the averment. However, it is well known that perjury is proceeded against only under the most extraordinary circumstances. No member of this court has ever heard of a perjury proceeding based upon an affidavit to a civil complaint of the kind here involved. If a criminal proceeding should be warranted in a case of this character, it is doubtful that a successful defense could be predicated on such a technical interpretation of the language in question. It is far more probable that injustice has been and will be done by adherence to a technical requirement of this character.

It has been urged upon us that we should not depart from the long and respectable line of authorities now

5

supporting the doctrine. However, we think the Supreme Court departed from it in *Hulse v. Nash, supra.* Moreover, this is a court of last resort with respect to appeals from temporary injunctions, and it is in appeals from such orders that this question most often arises and that injustice by adherence to the doctrine can most often be inflicted. There is no way in which the question can be presented to the Supreme Court on such appeals, and it may be years before the matter may come to that court in some other proceeding.

In addition to this technical point, appellants urge that the complaint does not state a prima facie case entitling plaintiffs to injunctive relief against them. It is essential that a complaint should make a prima facie case for final relief by alleging facts which, if proved and not controverted, will entitle complainant to the relief prayed for. *Malnick v. Rosenthal,* 313 Ill. App. 249; *Peoples Gas Light & Coke Co. v. Cook Lumber Terminal Co.,* 256 Ill. App. 357. The principal relief prayed for in the complaint is an accounting from the managing trustees and for their removal as such managers. Appellants are the owners of the junior note and mortgage above referred to, conveying real estate owned by the trust. The complaint is twelve pages long and contains twenty-three paragraphs of allegations. In only two paragraphs are appellants referred to. The first, which is on information and belief, alleges that the note and trust deed were delivered to Newton C. Farr and then transferred to defendants Rosenblatt and Engert. The second alleges that Farr and appellants knew that the execution of the second mortgage trust deed and the notes secured thereby was ordered by the managing trustees and was done by The Trust Company of Chicago in a fiduciary capacity, and that Farr and appellants were chargeable with notice that the actions were a violation of fiduciary

duties on the part of the managers. There is no allegation which states or infers that appellants participated in any alleged violation of fiduciary duties or in any of the alleged fraudulent actions of the managers, or that they had any knowledge of any alleged misconduct of the Trust Managers or trustee.

■ ■ The Fiduciary Obligations Act, ch. 98, par. 235, Ill. Rev. Stat. (1951) [Jones Ill. Stats. Ann. 135.07] provides as follows:

"A person who in good faith pays or transfers to a fiduciary any money or other property which the fiduciary as such is authorized to receive, is not responsible for the proper application thereof by the fiduciary; and any right or title acquired from the fiduciary in consideration of such payment or transfer is not invalid in consequence of a mis-application by the fiduciary."

This court in *National Casualty Co. v. Caswell & Co.*, 317 Ill. App. 66 (where defendant purchased a certificate of deposit from a trustee who appropriated the money to his own use) held that under the Fiduciary Obligations Act a purchaser from a trustee who has the power to sell is not required to make any inquiry as to the use to which the trustee intends to put the money from the sale, but may safely assume that it will be applied as trust property, and at p. 72 said:

"In Scott on Trusts, Vol. 2, Sec. 297.6, it is said that one is not chargeable with notice of a breach of trust unless he has actual knowledge of the breach or knowledge of such fact as amounts to bad faith in purchasing the property from the trustee. The author says, '*It would seem that the mere fact that the transferee is negligent in failing to learn of the breach of trust is not enough to charge him with notice unless he acts in bad faith.*' The complaint does not allege any knowledge

or facts showing bad faith by the defendant in purchasing the certificate of deposit." (Italic ours.)

We are of the opinion that a prima facie case for final relief is not made by the complaint against appellants.

The order of the trial court, granting a temporary injunction against Samuel L. Rosenblatt and Joseph G. Engert is reversed and the cause is remanded, with directions to dissolve the temporary injunction entered November 26, 1952, insofar as it applies to appellants.

*Order reversed and cause remanded with directions.*

TUOHY, J., concurs.

ROBSON, P. J., specially concurring:

I concur in the conclusion of my colleagues that the complaint does not state a prima facie case for final relief such as would entitle the plaintiffs to an interlocutory injunction against defendants Samuel L. Rosenblatt and Joseph G. Engert, but I do not concur in their conclusion that the verification to the complaint upon which the injunction order was issued is adequate.

A long line of decisions have held that where a part of the relief prayed for in a complaint is an interlocutory injunction and certain allegations pertaining to such relief are made on information and belief, the use in the verification of the language "except for such facts as are stated on information and belief and as to these he verily believes them to be true" is bad. The reason is that the words "to be" are not included after the word "stated." *Christian Hospital v. People ex rel. Murphy,* 223 Ill. 244; *Deimel v. Brown,* 35 Ill. App. 303; *Siegmund v. Ascher,* 37 Ill. App. 122; *Grabowski v. MacLaskey,* 257 Ill. App. 484; *Palmer Grill, Inc. v. Nory,* 268 Ill. App. 292; *Brabrook Tailoring Co. v. Belding Bros. & Co.,* 40 Ill. App. 326; *Stirlen v. Neu-*

8

*stadt,* 50 Ill. App. 378; *Werner Co. v. First National Bank of Miamisburg,* 55 Ill. App. 321; *Grabarski v. Stankowicz,* 179 Ill. App. 45; *Schroth v. Siegfried,* 162 Ill. App. 595; *Chicago Exhibition Co. v. Illinois State Board of Agriculture,* 77 Ill. App. 339; *Neil v. Oldach,* 86 Ill. App. 354; *Board of Trade v. Riordan,* 94 Ill. App. 298; *Crawford-Adsit Co. v. Bell,* 95 Ill. App. 427; *James E. Pepper Distributing Co. v. McLeod,* 121 Ill. App. 592; 2 High on Injunctions, sec. 1567.

My colleagues rely on *Hulse v. Nash,* 332 Ill. 500, to justify their departure from this long line of precedents. Whether they are right or wrong, this case does not support their contention. First, the verification in question was on a petition in an election contest where the rules of construction are not applied as strictly as they are when injunctive relief is prayed for. *Farrell v. Heiberg,* 262 Ill. 407, 410. Second, the court on page 506 distinguishes the language of the verification we have in this case from that involved in the case before it with this statement:

"It is true that an affidavit that the facts in a pleading 'are true, except so far as they are stated on information and belief,' has been held defective in failing to distinguish between matters stated on the pleader's own knowledge and those stated on information and belief. (*Christian Hospital v. People,* 223 Ill. 244.) Such an affidavit, instead of referring the court to the pleading to ascertain what is represented to be on information and belief, requires a search of the mind of the pleader for what he intended to assert on information and belief. That, in our opinion, is not true of the affidavit in this case. Its words are, 'except as to matters therein set forth on information and belief.' We see no reason to depart from our former holding that that form is good in cases of this kind."

It is well established that our Appellate Court must follow the law as stated by the Supreme Court. *Field v. People,* 2 Scam. 79; *Harrison v. People,* 125 Ill. App. 178, 184; *Amann v. Faidy,* 348 Ill. App. 37, 53. The consequences that would follow if we failed to observe the doctrine of stare decisis is graphically discussed in the *Field* case when the court said on page 98:

"The doctrine, before this decision, was considered well settled, that when the supreme judicial tribunal of a state had declared what the law was on any point, when the same point came again in litigation, all other courts were bound to conform to its decision. A different rule would destroy all that stability and uniformity in the rules of law, which is so essential to the administration of justice, and the safety of the citizen. If every judge can decide according to his private sentiments, without regard to precedent and authority, there may be as many rules of decision as there are circuits; and the decision of one day would furnish no rule for the decision of the next. 'Judges,' says the circuit court, 'are bound, in deciding a point of law, to follow a preceding decision upon the same point. Yet if such decision is founded in error, they are not bound by it.' The correctness of this principle cannot be controverted, when applied to a court of equal or superior authority with the one deciding the point. But is it not obvious that the judge has misapplied the principle, in assuming for the circuit court authority to reverse a decision of the supreme court? Who does not see that such doctrine is subversive of the fundamental principles of the government? It is reversing the order of authority prescribed by the constitution and the law, and rendering nugatory the right of appeal. It will readily be admitted that an erroneous decision ought not to prevail, but who has the right to declare it so? This authority includes the right of supervision

and control, and if the circuit court has it, in reference to a decision of the supreme court, upon the same principle, a justice of the peace will have it, in reference to a decision of the circuit court; and one step further will give the right of supervision to the parties in the cause; thus resolving all authority back into the original elements. This would be the consequence of carrying out the position assumed."

I believe that there is some substance to my colleagues' reasoning for their departure from these past precedents but I am of the opinion that it is not our prerogative so to do. The laboring oar for changing the course in this instance belongs to the Supreme Court.