## Peter Brethorst, Appellee, v. O. H. Wylie, State's-Attorney of Ford County, Illinois, Appellant.

1. QUO WARRANTO, § 26*—*what is discretion of State's Attorney as to presenting petition.* Where only public rights are involved, the State's Attorney has an arbitrary discretion as to presenting or refusing to present a petition for quo warranto.

2. QUO WARRANTO—*what are requisites of affidavit where private rights involved.* Where private rights are partly or solely involved in a petition for quo warranto, the affidavit in support of such petition must be made on knowledge and not on information and belief, and must be full, complete and positive, and so drawn that perjury may be assigned thereon if its statements be untrue.

3. QUO WARRANTO—*when affidavit in support of petition for quo warranto insufficient.* A notary's certificate that an affiant "being first duly sworn upon his oath, deposes and says that he has heard read the above affidavit and knows the contents thereof and that the matters and facts therein contained are true except as to those matters and things stated on his information and belief and as to those he believes them to be true," *held* to be insufficient to sustain a petition for quo warranto, as no one could tell what is stated on information and belief and what on the affiant's own knowledge, and as perjury could not be assigned on the affidavit, if untrue.

4. QUO WARRANTO—*when affidavit in support of petition for quo warranto sufficient.* Where a notary's certificate that an affiant had, on being duly sworn, stated on oath that he had heard read the affidavit and knew the contents thereof and that the matters and facts therein contained were true "except as to those matters and things therein stated to be on information and belief," etc., *held* that it was sufficient to sustain a petition for quo warranto, as by reference to the body of the affidavit the things so stated could have been easily ascertained.

Appeal from the Circuit Court of Ford county; the Hon. THOMAS M. HARRIS, Judge, presiding. Heard in this court at the October term, 1916. Reversed and remanded with directions. Opinion filed April 16, 1917.

KERR & LINDLEY, for appellant.

SCHNEIDER & SCHNEIDER, for appellee.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

MR. JUSTICE GRAVES delivered the opinion of the court.

Appellant prepared what purported to be a petition to the Circuit Court of Ford county for leave to file an information in the nature of quo warranto, for the purpose of challenging the legality of a pretended election of a board of education in and for a pretended high school district known as the Sibley High School District, and for the further purpose of challenging the validity of the organization of the said pretended high school district and presented the same to appellant as State's Attorney of the said county of Ford and requested him to sign the same and to present the same to one of the judges of the Circuit Court of the district including the said county of Ford. That petition was accompanied by a purported affidavit of appellee in this case setting out various claimed defects in the attempted organization of said pretended district and in the said pretended election of a board of education. A paper in form an information in the nature of quo warranto was presented to appellant with said information. Appellant refused to sign and present to a judge of the Circuit Court the petition for leave to file the information, and appellee procured a writ of mandamus to issue, commanding appellant to

"receive said affidavit in support of petition of quo warranto aforesaid, that he sign the said petition for information in said cause as State's Attorney of Ford county, Illinois, and present the same to one of the judges of the 11th Judicial District, asking leave of said Judge to file an information in the nature of quo warranto against the said A. J. Casner, H. C. Zander, Edward Rudolph, Frank Elliott, W. R. Liddly, Thomas Christenson and P. J. Leenerman, and that he, the said O. H. Wylie, State's Attorney, as aforesaid, be ordered and commanded to do any and all acts in the premises, which unto law may appertain and as may be his duty as such State's Attorney in and about

the securing leave from one of the Judges of the 11th Judicial District to file an information in the nature of a quo warranto as aforesaid.''

Since this case was taken by this court the Supreme Court in *People v. Weis,* 275 Ill. 581, has held the entire act under which it was attempted to organize the school district in question to be void and of no effect.

Numerous reasons are urged by appellant why the judgment of the Circuit Court awarding the writ of mandamus is erroneous.

He first contends that admitting everything to be true that is stated in the so-called affidavit presented with the petition, still the petitioners have failed to show that they are legally entitled to the relief sought by reason of any private right which they are seeking to protect, and that in all cases where purely public rights are involved he, as a public officer, has an arbitrary discretion whether or not to present to the court such a petition.

In the view we take of this case, it is unimportant to determine whether the supposed facts relied on disclose a private right of petitioners to be enforced or whether the matters referred to relate to purely public rights, for in either event the action of appellant in refusing to sign and file the petition in question was warranted.

In *People v. Healy,* 230 Ill. 280, the Supreme Court said:

''By the common law the information in the nature of quo warranto was solely a prerogative remedy. No suit was ever prosecuted by that remedy at the instance of a private person, or for the assertion of a private right. It was used only where a wrong had been done, or was alleged to have been done, to the king, and it was therefore the rule that only the king, or his representative, should determine whether a suit should be brought to enforce the right of the king.
\*    \*    \*    \*    \*    \*    \*

"The discretion possessed by the Attorney General at the common law is no doubt possessed by the Attorney General or State's Attorney in all cases which are, in fact, prosecutions on the part of the people and which involve no individual grievance of the relator. * * * In cases, however, where the proposed relator has an individual and personal right, distinct from the right, if any, of the public, which is enforceable by a proceeding in quo warranto, and where he presents to the State's Attorney a proper petition for his signature with evidence of the facts necessary to establish the right, it is the duty of that officer to apply for leave to file an information in the nature of a quo warranto, and if he refuses when the matter is properly presented to him, he may be compelled by mandamus to sign and file the petition for leave.

"The practice which may be followed by one who desires to become relator is to present to the State's Attorney a petition addressed to the court, or to the judge thereof in vacation, for leave to file an information in the nature of a quo warranto, which petition should be so drawn as to be ready for filing when the signature of the State's Attorney is thereto attached. As was suggested in *Cain v. Brown, supra* (111 Mich. 657), the affidavit or affidavits accompanying the petition must be full and positive and must be made by a person or persons knowing the facts, and be drawn in such a manner as that perjury may be assigned thereon if any material allegation contained therein is false. The affidavit or affidavits accompanying the petition, after being inspected by the State's Attorney, should, in case he sign the petition, be presented with it for consideration by the court, or judge thereof, in determining whether to grant the leave asked."

It follows that where only public rights are involved the State's Attorney is clothed with an arbitrary discretion to present or refuse to present a petition of this character, and that when private rights are also, or only, involved then the affidavits presented with the petition must be made on knowledge and not on infor-

mation and belief, must be full, complete and positive and so drawn that perjury can be assigned on them if found to be untrue. That leaves but one question to determine and that is whether the affidavit presented with the petition is sufficient to fill the requirements of the law.

There are at least two reasons why it is fatally defective. It does not purport to be made by a person who knows the facts, neither is it drafted in such a manner that it can be determined from it what part of it, if any, is intended to be on knowledge and what part is on information and belief, or that perjury could be assigned thereon. What the notary certifies was sworn to is as follows:

"State of Illinois⎰ ss:
"County of Ford⎱

"Peter Brethorst, being first duly sworn upon his oath, deposes and says that he has heard read the above affidavit and knows the contents thereof and that the matters and facts therein contained are true except as to those matters and things stated on his information and belief and as to those he believes them to be true."

It has been repeatedly held in this State that affidavits in substance the same as the foregoing were insufficient because no one can tell from them what is stated on the affiant's own knowledge and what is stated on information and belief. If that part of the affidavit had been " * * * except as to those matters and things *therein stated to be* on information and belief * * *" etc., then by referring to the body of the affidavit the things so stated could have been easily ascertained, but from the language employed in this affidavit no one except the affiant can tell which matters were stated from the personal knowledge of the affiant and which upon information and belief. On such an affidavit perjury could not be assigned. *Christian Hospital v. People,* 223 Ill. 244; *Grabarski v.*

*Stankowicz,* 179 Ill. App. 45; *Von der Leck v. Baldwin County Colonization Co.,* 178 Ill. App. 93; *Schroth v. Siegfried,* 162 Ill. App. 595.

Instead of this record disclosing a clear right in the petitioner to have the relief sought, it shows a clear right in appellant to refuse to present to the court the petition for leave to file an information in the nature of quo warranto.

The order of the Circuit Court is reversed and the cause is remanded to that court with directions to deny the writ of mandamus.

*Reversed and remanded with directions.*