## Sarah Althausen, Appellee, v. Sarah Kohn et al., on appeal of Sarah Kohn, Appellant.

### Gen. No. 26,735.

1. MORTGAGES—*sufficiency of verification of bill on foreclosure.* A foreclosure bill was properly verified where the affidavit stated that complainant "has read the foregoing bill of complaint by her subscribed and knows the contents thereof, and that the matters therein stated are true except as to matters and things therein alleged on information and belief, and as to such matters she believes them to be true."

2. MORTGAGES—*when tender on foreclosure insufficient.* A tender in open court to the complainant in a foreclosure case of an amount less than that claimed in the bill, which was refused as being insufficient, was an entirely negligible act, and such refusal did not affect the determination of the question whether or not a receiver should be appointed.

3. MORTGAGES—*when provision in trust deed insufficient to warrant appointment of receiver on foreclosure.* A provision in a trust deed expressly authorizing the appointment of a receiver was not of itself a sufficient justification for the appointment of a receiver in the foreclosure case.

4. MORTGAGES—*when receiver properly appointed on foreclosure.* The appointment of a receiver in a bill to foreclose a second mortgage was fully justified where taxes remained unpaid beyond the time covenanted for their payment, and there were several unpaid special assessments and one special assessment had been forfeited for nonpayment, and where the charges as to such default contained in complainant's affidavit were not denied in defendant's affidavit, but only in the answer which was not under oath.

Interlocutory appeal from the Circuit Court of Cook county; the Hon. GEORGE F. RUSH, Judge, presiding. Heard in the Branch Appellate Court. Affirmed. Opinion filed November 2, 1921. Rehearing denied November 15, 1921.

WILLIAM SLACK, for appellant.

HARRY C. DIAMOND, for appellee.

MR. JUSTICE TAYLOR delivered the opinion of the court,

On November 11, 1920, the complainant filed a bill to foreclose a trust deed given by the defendant, Sarah Kohn, to secure a promissory note of $10,000, and, subsequently, on November 29, 1920, after the defendant had answered and certain affidavits had been presented, the chancellor appointed the Chicago Title & Trust Company as receiver, with the usual powers, to take charge of the real estate and collect the rents.

Upon this interlocutory appeal it is claimed on behalf of the defendant (1) that the bill of complaint is not properly verified; (2) that having tendered in open court the amount shown by the answer to be due, the defendant should have been permitted to ' give bond in lieu of the appointment of a receiver as provided by the statute; (3) that the chancellor erred in holding that he had no discretion in the matter of the appointment of a receiver and in holding that he was bound by the contract of the parties as expressed in the trust deed; and (4) that the equities of the situation are with the defendant.

The bill sets up that there was a prior trust deed securing an unpaid balance of $12,000; that the premises are scant security; that default has been made as to the covenants of the prior trust deed; that the general taxes for 1919 have not been paid although the defendant had covenanted to pay them prior to July 1, 1920; that there was overdue for unpaid instalments of special assessments for paving an alley the sums of $52.85 and $17.50; that the defendant allowed a special assessment against the premises, amounting to $6.20, to be forfeited for nonpayment. Defendant by her answer, which was filed in November 29, 1920, admits the execution of the note for $10,000 and the ownership of that note by the complainant but denies that the general taxes for 1919 have not been paid and denies that there are due the two special assessments, and denies that the special assessment of $6.20 has been forfeited for nonpayment.

Three affidavits were filed, one by the complainant, Sarah Althausen, and one by Bessie Shatz, her daughter, in support of the allegations of the bill of complaint, and one by Sarah Kohn, the defendant, in support of her answer.

The complainant in her affidavit recites, among other things, that she caused an investigation to be made of the tax records which disclosed that the general taxes levied for 1919 had not been paid; that the defendant had also failed to pay a special assessment due and payable in 1920; that the payment of the special assessment levied against the property being in default, the premises had been forfeited. These allegations are not denied in the affidavit of the defendant, Sarah Kohn.

The defendant in her affidavit denies that she is insolvent and sets up that the property is reasonably worth $40,000, and that she is the owner of equities in other real estate in Chicago to approximately $100,000.

The verification by the complainant to the bill of complaint is "that she has read the foregoing bill of complaint by her subscribed and knows the contents thereof, and that the matters therein stated are true except as to the matters and things therein alleged on information and belief, and as to such matters she believes them to be true."

(1)   As to the contention that the bill of complaint is not properly verified: In *Farrell v. Heiberg*, 262 Ill. 407, the court said: "The usual form of verification of bills in equity is, that the party verifying has read the bills subscribed by him (or has heard them read) and knows the contents thereof, and that the same is true of his own knowledge except as to matters which are therein stated to be on his information and belief, and as to those matters be believes them to be true. (3 Daniell's Ch. Pl. & Pr. — 6th Am. Ed. — 2171; 1 Barbour's Ch. Pr. 44; 22 Encyc. Pl. & Pr. 1021.)" We are of the opinion that the verification to the bill

of complaint in the instant case is sufficient.

(2) As to the contention that the defendant made a tender in open court: The record recites that after the reading of the affidavits the defendant tendered to the complainant the sum of $9,100 in open court in full satisfaction of the complainant's demands, and that that amount was refused by the complainant as being insufficient. That tender being of an amount less than the amount claimed in the bill of complaint was an entirely negligible act and its refusal by the complainant could be considered in no way as affecting the determination of the question whether or not a receiver should be appointed.

(3) Did the chancellor err in considering that he was bound by the terms of the trust deed to appoint a receiver: The record shows that the chancellor announced that he appointed the receiver "solely upon the contract of the parties." There is no doubt but that it is the law, as announced in *Bagley v. Illinois Trust & Savings Bank*, 199 Ill. 76, that even though the trust deed expressly authorizes the appointment of a receiver the chancellor is not justified in making an appointment where it would under the circumstances be inequitable to do so. *Bothman v. Lindstrom*, 221 Ill. App. 262; *Ætna Life Ins. Co. v. Broeker*, 166 Ind. 576. A receiver is an official of the court created for the purpose of assisting the chancellor in the administration of justice and parties may not by contract *in pais* predetermine or control the conduct of a chancellor.

We are of the opinion that the reason stated by the chancellor for the appointment of a receiver is not of itself a sufficient justification for the appointment.

(4) Are the equities of the case with the defendant and should the chancellor have refused to appoint a receiver: The bill charges, among other things, that the general taxes of 1919, which were due May 1, 1920, were not paid although the defendant had

covenanted to pay them prior to July 1, 1920; further, that there were certain unpaid instalments and special assessments for the paving of an alley, and that a certain special assessment had been forfeited for non-payment. Also the complainant in her affidavit for the appointment of a receiver sets up that she caused an investigation to be made of the tax records and that they disclosed that the general taxes for 1919 had not been paid, and certain special assessments due in 1920 had not been paid, and that a special assessment levied against the real estate was in default and the premises had been forfeited. None of the charges concerning those defaults are denied by the defendant in her affidavit which is under oath; they are only denied in her answer which is signed but not under oath.

Under the circumstances, we are of the opinion that the chancellor was fully justified in the appointment of a receiver. The security which the complainant had was a second lien and it was of the utmost importance to her that the taxes be promptly paid and defaults prevented, especially as at any moment, in case of such defaults, the owner of the first lien might proceed to foreclose and cause the complainant in the instant case great expense as well as menace all the security given.

In conclusion we are of the opinion that the chancellor did not err in the appointment of a receiver and, accordingly, the order will be affirmed.

*Affirmed.*

O'CONNOR, P. J., and THOMSON, J., concur.