DETERMINED IN THE

## FIRST DISTRICT

OF THE

# APPELLATE COURTS OF ILLINOIS

## DURING THE YEAR 1925.

---

### George C. Peterson Company, Appellee, v. Ashphalt Sales Corporation et al., Appellants.

### Gen. No. 29,963.

1. CREDITORS' SUITS—*bill to enforce execution against corporate stock subscriptions as creditors' bill.* A bill which alleges that complainant obtained a judgment in the federal court against defendant and that an execution was returned unsatisfied after a demand, but further alleges that defendant corporation has ceased to do business, is insolvent; that subscribers had not paid the amount of their stock subscriptions; that the corporation has other property which complainant is unable to reach, and which bill seeks to wind up the affairs of the corporation and to dissolve it and enforce payment of the stock subscriptions, is not a creditors' bill and its filing is authorized by sections 51-54, ch. 32, Cahill's Ill. St. 1923.

2. EQUITY—*sufficiency of verification of bill.* A verification of a bill of complaint which states that the affiant "knows the contents thereof, that the same is true in substance and in fact, except as to such matters and things which are alleged to be upon information and belief" is not insufficient because of the failure to insert the word "therein."

3. RECEIVERS—*sufficiency of bill on information and belief to sustain receivership.* Allegations in a bill that on or about a certain date defendant corporation ceased to do business, fearing that a

(592)

judgment would be rendered against it in favor of complainant; that it had transacted no business since that date; that it is indebted in excess of its assets and is insolvent, were sufficient to sustain the appointment of a receiver though made on information and belief only, where it further appeared from the bill that complainant obtained a judgment in the federal court, that an execution was issued thereon upon which the marshal was unable to obtain any payment, that defendant, though notified, did not appear to oppose the appointment of a receiver, and there was no motion made to discharge the receiver and no action taken by defendant until this appeal was taken.

Interlocutory appeal by defendants from the Superior Court of Cook county; the Hon. CHARLES M. FOELL, Judge, presiding. Heard in the third division of this court for the first district. Affirmed. Opinion filed January 14, 1925. Rehearing denied January 28, 1925.

BANGS & FRANKHAUSER, for appellants; EDWARD L. HOYER, of counsel.

JOHN A. BUSSIAN, for appellee.

MR. PRESIDING JUSTICE O'CONNOR delivered the opinion of the court.

Complainant filed its bill against the defendants, alleging that it had obtained a judgment of $4,898 against the defendant, Ashphalt Sales Corporation, in the United States District Court for the Northern District of Illinois, Eastern Division; that an execution had been issued, demand made, the execution returned no part satisfied, and that the judgment was still in full force and effect. It was further alleged that the defendant corporation was organized under the laws of the State of Illinois; that its principal place of business was in Cook county; that it had ceased doing business and was hopelessly insolvent; that divers persons were indebted to it and that it had certain personal property which the complainant was unable to reach by execution. It was further alleged that certain individuals who were made defendants sub-

scribed for stock in the defendant corporation but had never paid for it. The bill prayed that a receiver be appointed; that the subscribers to the stock be compelled to pay the amount of their unpaid subscriptions and that a decree be entered dissolving the defendant corporation and winding up its affairs. The bill was verified and filed on the 26th of September, 1924. On the 30th of September, 1924, a notice was served on the president of the defendant corporation, advising him that on the 2nd of October, 1924, an application would be made for the appointment of a receiver. The defendant corporation was served with a summons on the 30th of September, 1924. On October 2, 1924, an order was entered appointing a receiver. None of the defendants appeared at that time. On October 3, the receiver filed his bond, which was approved by the court. On November 24, the defendant corporation perfected its appeal under the statute by filing a bond and having it approved by the clerk of the court.

The defendant corporation contends that the order appointing the receiver is wrong and should be reversed because (1) a creditors' bill will not lie on a judgment entered by a federal court and (2) that the verification of the bill is insufficient.

1. It seems to be conceded by counsel for complainant that a creditors' bill will not lie where it is based upon a judgment entered by a federal court, but it is contended that the instant case is not a creditors' bill, but that it is a bill to wind up the affairs and to dissolve the defendant corporation, and to enforce against the subscribers of the capital stock the amount unpaid by them respectively. We think the contention of the complainant must be sustained. While the bill alleges that complainant obtained a judgment in the federal court against the defendant and that an execution was returned unsatisfied after a demand, yet it further alleges that the corporation

has ceased doing business, is insolvent and that the subscribers to the stock did not pay the amount of their subscription; that the corporation has other property which complainant was unable to reach by execution and a decree is sought to wind up the affairs of the corporation and to dissolve it, and to enforce payment of unpaid subscriptions. In these circumstances the statute (sections 51-54, ch. 32, Cahill's Ill. St. 1923) authorizes the filing of a bill.

2. The defendant contends that the verification of the bill is insufficient to warrant the appointment of the receiver. The affidavit to the bill is made by the vice president of the complainant who swears "that he has read the above and foregoing bill of complaint subscribed by him, knows the contents thereof, that the same is true in substance and in fact, except as to such matters and things which are alleged to be upon information and belief, and as to such matters and things he verily believes the same to be true." The argument is that this affidavit is insufficient because the word "therein" is omitted after the word "things." As we understand, counsel's contention is that the affidavit would be sufficient if it read "except as to such matters and things *therein* which are alleged to be upon information and belief," etc. We think this argument is unsound. It is clear from a reading of the affidavit that the vice president who made the affidavit swore that the allegations to the bill were true "except as to such matters and things which are alleged to be upon information and belief." Of course, this question referred only to the allegations in the bill and the omission of the word "therein" made no substantial difference. Counsel for the defendant in support of his argument on this point cites the case of *Brethorst v. Wylie,* 205 Ill. App. 72, which seems to sustain his contention. In fact there are a number of cases decided by other divisions of this court which likewise sustain his contention, but

with which we are unable to agree, among such cases are *Brabrook Tailoring Co. v. Belding Bros. & Co.,* 40 Ill. App. 326 and *Stirlen v. Neustadt,* 50 Ill. App. 378, and many other cases where the holding is to the same effect.

In the *Brabrook Tailoring Co.* case, it is said:

"The verification of the bill is: 'William A. Stanton, agent of the above named complainant, being first duly sworn, on his oath deposes and says that he has read the foregoing bill of complaint and knows the contents thereof, and the same are true, except as to those matters therein stated upon information and belief; and as to those matters he believes it to be true.   *   *   *,'

"This is not a sufficient verification. It amounts to no more than a statement that William A. Stanton believes the contents of the bill are true. *Deimel v. Brown,* 35 Ill. App. 303; *Siegmund v. Ascher,* 37 Ill. App. 122; *Heffron v. Rice,* 40 Ill. App. 244; Daniell's Ch. Pr. 2170; Barbour's Ch. Pr., vol. 1, pp. 44, 144.''

In the *Stirlen* case, which was an interlocutory appeal from an order granting an injunction, the court said: (p. 379): "The bill was verified by the complainant, who swore that he had 'read the same and knows the contents thereof, and that the same is true of his own knowledge, except as to the matters stated therein on information and belief, and as to those he believes it to be true.' '' The court held this insufficient and continuing said (p. 380): "What matters there may be in the bill that are stated on information and belief can only be known by probing the mind of the pleader; but matters that are stated to be on information and belief can be ascertained by reference to the bill.''

We are unable to follow the reasoning in these cases. Where, for example, a bill consists of ten paragraphs, and, upon a reading of it, it appears that in eight of them the allegations are positively made and the

remaining two are alleged to be upon information and belief and to this bill is attached an affidavit made by the complainant or some one familiar with the facts that he has read the bill of complaint, knows the contents thereof, and that the same is true, except as to the matters alleged upon information and belief and as to such matters he believes them to be true, it is perfectly clear what matters are positively sworn to and what matters are sworn to upon information and belief. It is only necessary to read the bill to find this out. This court had occasion to pass upon a similar question in the case of *Althausen v. Kohn,* 222 Ill. App. 324, where we said (p. 326): "In *Farrell v. Heiberg,* 262 Ill. 407, the court said: 'The usual form of verification of bills in equity is, that the party verifying has read the bills subscribed by him (or has heard them read) and knows the contents thereof, and that the same is true of his own knowledge except as to matters which are therein stated to be on his information and belief, and as to those matters he believes them to be true (3 Daniell's Ch. Pl. & Pr. — 6th Am. Ed. — 2171; 1 Barbour's Ch. Pr. 44; 22 Ency. Pl. & Pr. 1021).' "

Since there has been so much uncertainty as to the proper affidavit in similar cases and since the Supreme Court in the *Farrell* case has specifically approved of the affidavits in Daniell's and Barbour's Chancery Practice, we set forth the forms given by those two authors.

The form in Daniell's is:

"Commonwealth of Massachusetts,  } ss.:
        Essex County.

On this .... day of .............., before me personally appeared A. B., and made oath that he has read the above bill (or, answer or affidavit), subscribed by him (or, has heard it read), and knows the contents thereof, and that the same is true, of his own knowledge, except as to matters which are

therein stated to be on his information and belief, and as to those matters he believes them to be true."

The form in Barbour's is:

"State of New York } ss.
  Saratoga County.    }

On this .... day of .............., before me personally appeared the above named A. B. and made oath that he has read the above bill subscribed by him, (or, has heard it read,) and knows the contents thereof, and that the same is true of his own knowledge, except as to the matters which are therein stated to be on his information or belief, and as to those matters he believes it to be true."

Of course, no set form of words is required. All that the law requires is that the party verifying shall make oath that he has read or heard read the bill subscribed to by him and knows the contents thereof; that the same is true of his own knowledge, except as to any matters which are therein stated to be upon information and belief, and as to those matters he believes them to be true. We think the affidavit in the instant case is not subject to the objection made.

A further contention is made by the defendant that even if this may be considered a bill to wind up the affairs of a corporation and to dissolve it, under the statute (sections 51-54, ch. 32, Cahill's Ill. St. 1923) the bill is insufficient, because the allegation charging that the defendant ceased doing business, leaving debts unpaid, are made upon information and belief, and cites cases to the effect that a court will not upon slight matters lay its hands upon large business enterprises and take them out of the ones in charge of such business and place a receiver in charge. The difficulty with this argument is that so far as it appears from the allegations of the bill there is no business being conducted by the defendant, and while the allegations that the defendant had ceased to do business are rather meager and not as full as they might have been yet, we think upon a reading of the

entire bill, the court was warranted in appointing a receiver under the circumstances. It is alleged in the bill that on or about the 1st of March, 1924, the defendant ceased to do business, fearing that a judgment would be rendered against it in favor of the complainant; that it has transacted no business since that time; that it is indebted to divers persons in large sums of money in excess of its assets, and that it is insolvent. These allegations are upon information and belief. But it further appears from the bill that on the 27th day of May, 1924, complainant obtained a judgment against the defendant in the federal court; that on the 13th of August, 1924, an execution was issued and a demand made by the marshal on the defendant for payment of the judgment; that the marshal returned the execution on the 12th of September, 1924, showing he had been unable to obtain payment of the judgment or any part thereof. The bill was filed on September 26, 1924, and on September 30, 1924, the president of the defendant was served with notice that an application for the appointment of a receiver would be made on the 2nd of October, 1924, and at the time and place mentioned in the notice, the motion was made, but defendant did not appear. Furthermore, no motion was made to discharge the receiver, and no action taken until the first of November, 1924, when the appeal was taken under the statute by filing a bond with the clerk of the court. In these circumstances, we think the defendant should not be permitted to say that the allegations were insufficient.

The order of the superior court of Cook county, appointing the receiver, is affirmed.

*Affirmed.*

TAYLOR, J. concurs:

MR. JUSTICE THOMSON, specially concurring: In my opinion there can be no doubt of the fact of the sufficiency of the allegations in this bill of complaint,

under the sections of the Corporation Act referred to in the foregoing opinion, where the complainant is seeking the remedies provided for in those sections, as is clearly the case here.

In my opinion the case of *Brethorst v. Wylie,* 205 Ill. App. 72, is not applicable to the verification of the bill of complaint in the case at bar. In the case cited, the person making the affidavit of verification stated that the matters and facts contained in the bill of complaint were true, except as to those "stated on his information and belief" and that as to those, he believed them to be true. It was there held that this verification was insufficient because no one could tell which facts in the bill were stated on the affiant's own knowledge and which were stated on information and belief. In the case at bar the affidavit of verification is to the effect that the affiant has read the bill and knows the contents thereof, and that the same is true "except as to such matters and things which are alleged *to be* upon information and belief," and that as to the latter, he believed them to be true. As stated by this court in *Stirlen v. Neustadt,* 50 Ill. App. 378, those matters in a bill of complaint which may be therein "stated" on information and belief can only be known by probing the pleader's mind, but matters in the bill that are therein "stated *to be*" on information and belief may be ascertained by examining the bill. The verification involved in the *Brethorst* case is of the former kind, the verification being to the effect that the matters alleged in the bill were true, except as to facts "stated" on information and belief. The verification involved in the case at bar is of the latter kind, being to the effect that the allegations in the bill are true, except as to those "stated *to be*" on information and belief. It is a simple matter to examine the bill and find out which allegations are therein specifically stated *to be* on information and belief. Of course, the omission of the

word "therein" is unimportant. It is quite clear that no allegations are being referred to except those in the bill of complaint.

Even where the verification to a bill of complaint is in the form used in the *Brethorst* case, it may, in my opinion, be sufficient, depending upon the phraseology of the bill of complaint. If, as pointed out in the foregoing opinion, a bill contained ten paragraphs, in eight of which there were direct allegations of fact, and in two of which the facts were alleged on information and belief, in my opinion, it may not reasonably be said that there could be any difficulty in ascertaining which facts in the bill were alleged on information and belief and which were not. If, however, we were obliged to construe a bill of complaint wherein all the allegations were made in the same manner, and no reference was made to information and belief, and the bill had a form of verification such as was involved in the *Brethorst* case, in my opinion, the verification would be insufficient.

But, in the case at bar, we have a bill of complaint containing certain direct allegations of fact and also containing certain other allegations, which the bill states are alleged on information and belief. Then we have a verification in which the affiant makes oath that the contents of the bill are true, except as to those matters "which are alleged *to be* upon information and belief." In my opinion, that verification is sufficient and I am further of the opinion that even the cases cited are no authority to the contrary.