Reliance Bank & Trust Company, Appellee, v. Harry Dalsey et al., Defendants. David B. Berger and Leah Berger, Appellants.

## Gen. No. 35,616.

548

Needham, Hubbard & Mulks, for appellants.

Kirkland, Fleming, Green & Martin, for appellee; Joseph B. Fleming, William Wilson and Robert K. Heineman, of counsel.

Mr. Justice Scanlan delivered the opinion of the court.

This is an appeal by two of the defendants, David B. Berger and Leah Berger, from an interlocutory order appointing a receiver of certain real estate and of the rents, income and profits therefrom, upon a bill for the foreclosure of a first mortgage trust deed executed in January, 1927, to secure the payment of a bond issue aggregating $115,000. On August 12, 1931, the complainant, Reliance Bank & Trust Company, a corporation, served a written notice upon the appellants that on Friday, August 14, 1931, it would move for the appointment of a receiver for the premises in question. On August 12, 1931, the general appearance of the appellants was entered in the cause. The record fails to show that the appellants or their counsel raised any objection to the appointment of a receiver at the time of the hearing of the motion on August 14. In this court they do not claim that the appointment of the receiver was not justified under the facts stated in the verified bill, but they raise a number of technical points in support of their contention that the order appointing the receiver should be reversed.

They contend that "a receiver can be appointed *pendente lite,* only upon a bill positively verified," and that the verification to the bill in the instant case "is not a positive verification, but is merely an assertion of the affiant's belief, and is of no evidentiary

value.'' The following is the verification in the instant case:

"STATE OF ILLINOIS }
 COUNTY OF COOK } ss.

"A. C. Cremerius, being first duly sworn, on oath deposes and says that he is Vice-President of RELIANCE BANK AND TRUST COMPANY, a corporation, the above named complainant; that he has read the foregoing bill subscribed by him and knows the contents thereof; and that the allegations contained therein are true of his own knowledge *and belief,* except as to such matters as are therein alleged on information and belief, and that as to such matters he is credibly informed and verily believes the same to be true.

(Signed)   A. C. Cremerius

Subscribed and sworn to before me this 8th day of August, A. D. 1931.
(Signed)   R. Gordon Anderson

Notary Public.
(Notarial Seal)''     (Italics ours.)
There are 16 paragraphs in the bill of complaint, not including the prayer for relief. In 14 of them the allegations are positively made, and in two the allegations are made upon information and belief. As was stated in *Peterson Co. v. Ashphalt Sales Corp.,* 235 Ill. App. 592, it is only necessary to read the bill to find out what matters are positively sworn to and what matters are sworn to upon information and belief. To the same effect is *Will v. City of Zion,* 225 Ill. App. 179, 185. The instant contention is without merit. But the appellants further contend that the addition of the italicized words ''and belief'' destroys the effect of the words ''of his own knowledge'' and ''that the party making the affidavit did not undertake and did

not want to undertake to state under the pains and penalties of perjury that any single fact alleged in the bill of complaint was positively true of his own knowledge.'' There is no merit in this contention. In *Grace v. Oakland Bldg. Ass'n,* 166 Ill. 637, a statement of claim for mechanic's lien, signed by the claimant, was verified as follows: ''Frank D. Hyde, being duly sworn, deposes and says that the foregoing statement or account or demand due, by him subscribed, is true, to the best of his knowledge and belief.'' The court said (pp. 646–7): ''It is claimed that the addition, 'to the best of his knowledge and belief,' vitiates the affidavit. . . . It will be noticed that this affidavit does not purport to be made upon information and belief, but states in positive language that the statement subscribed by affiant is true, and then is added the additional phrase, 'to the best of his knowledge and belief.' . . . We do not think that the addition of the phrase, 'to the best of his knowledge and belief,' renders the affidavit uncertain. . . . We are of the opinion that perjury could be assigned on this affidavit (*Johnson v. People,* 95 Ill. 505), and we must hold it sufficient.'' (Citing, among other cases, *In re Keller,* 36 Fed. 681.) In the *Keller* case, Keller had been arrested in Minnesota on a requisition issued by the governor of Wisconsin and was seeking release upon a petition of habeas corpus. The affidavit upon which the requisition was made set forth the facts regarding the embezzlement, and concluded with the words ''as said deponent verily believes.'' The sufficiency of the affidavit, which charged that the crime had been committed in Wisconsin, was challenged under the Wisconsin Law. The court said (pp. 685–6): ''But it is stated that the complaint is defective under the Wisconsin statutes, for the reason that the verification is only on belief. Ordinarily, a question of pleading is to be determined by the court in which the pleading is made. If it is

conceded that this court can construe this pleading and reject it, still I think it is not faulty. It is a statement of a fact which the deponent, in testifying to, verily believes to be true. A man swears to what he believes to be true; and, when he states a fact under oath, he says he verily believes it to be true. I do not think it is faulty on that account. I think this affidavit is sufficient." In *Leigh v. Green,* 64 Neb. 533, 90 N. W. 255, the sufficiency of an affidavit for service by publication in a tax foreclosure proceeding was questioned. The court said: ''The statements in the affidavit are made positively, but at the end, after stating directly that the owner of the land in question is unknown, there is the further statement, 'all of which I verily believe to be true.' '' The court then quoted with approval the ruling in the *Keller* case, and then concluded: ''In the case at bar there is a direct and positive statement that the owner is unknown. The further statement that affiant believes it to be true does not detract therefrom. He not only believes it, he is willing to testify to it positively. This is much more than a mere statement of his belief." In 2 C. J. 355, the rule is thus stated: ''Where the essential facts have been stated positively, an additional statement of information and belief is harmless."

The appellants contend that ''the court erred in entering the order appointing a receiver for the reason that the bill of complaint did not allege that the trustee had been requested in writing by the holder of one or more bonds to institute foreclosure proceedings." Article 11 of the trust deed provides, *inter alia:*

''The exclusive right of action hereunder shall be vested in said Trustee until refusal on its part to act, and no bondholder shall be entitled to enforce these presents in any proceeding in law or in equity until after demand has been made upon the Trustee accompanied by tender of indemnity as aforesaid, and said

Trustee has refused to act in accordance with such demand.''

Article 8 provides, *inter alia:*

''The foregoing provision for entry, taking possession and operation under the power aforesaid is cumulative, with the ordinary remedy of foreclosure, and upon default being made as provided in this Trust Deed, and upon request in writing of the holder or holders of one or more of the then outstanding bonds, it shall be the duty of the Trustee to institute a suit for foreclosure.''

Article 10 provides:

''It shall not be obligatory on the Trustee or its successor in trust to take possession of and to operate said property, or to collect the rents, income and profits thereof, or to foreclose this Trust Deed, or to do or refrain from doing any act pursuant to the request or demand of any person, until such person or the owner of one or more of the bonds then outstanding, shall by his writing duly signed by him, request the Trustee so to act, and shall deposit with the Trustee the bonds of the party of the first part so held by him and secured hereby, and shall further give the Trustee such assurance of indemnity for its disbursements and fees as it may require, but nevertheless the Trustee hereunder may, at its election in case of default as aforesaid, so take possession of and operate said property whether it has received said request or not, and in such case its charges, disbursements and expenses hereunder as above specified shall be a first lien upon the property hereby conveyed.''

Article 11 further provides:

''It shall be no part of the duty of said Trustee to see to the proper execution or recording of this instrument, or to do any act for the continuance of the lien hereof; it shall be under no obligation or duty to perform any act hereunder unless it is first reasonably

indemnified, and it shall have a lien on said property prior to any other claim hereunder for its outlays, reasonable expenses, and attorneys' fees, and for compensation for all services which it may at any time perform under this instrument."

No article in the trust deed places any limitations on the broad power conferred upon the trustee by article 11, and article 8 simply provides a method by which the trustee may be compelled to foreclose. The trustee in the instant case had the undoubted right to commence the foreclosure proceedings, and there is no merit in the instant contention.

The appellants contend that "the court erred in entering the order appointing a receiver and directing said receiver to take immediate charge of said property before the filing of the complainant's bond by the complainant." The part of the interlocutory order that pertains to the instant contention reads as follows: "It Is Therefore Ordered, Adjudged and Decreed That: Citizens State Bank of Chicago be and is hereby appointed receiver of the premises known and described as follows: (Here follows legal description) and the improvements situated thereon, upon the Complainant filing thereto its Complainant's Bond in penal sum of $500 with surety to be approved by the court within ten days from the date hereof. It Is Further Ordered, Adjudged and Decreed by the court that said Receiver be and is hereby authorized to take immediate possession of said premises." The plain meaning of this order is that Citizens State Bank of Chicago is appointed receiver "upon the Complainant filing thereto its Complainant's Bond in the penal sum of $500 with surety to be approved by the court within ten days from the date hereof." The argument of the appellants that by this order the receiver was directed to take immediate possession of the premises, before the bank had fulfilled the condition upon which

the appointment was based, is not warranted by a reasonable interpretation of the order. (See *Anderson v. Hultberg,* 117 Ill. App. 231, 246.)

The following is the allegation in the bill with respect to the certification of the bonds:

"All of the said principal bonds were duly certified by your orator as Trustee, with the following endorsement on each of the said principal bonds:

" 'This is to certify that this bond is one of the series of Two Hundred Thirty-nine (239) bonds of Harry Dalsey, a bachelor, and David Rest and Ida Rest, his wife, for the aggregate amount of One Hundred Fifteen Thousand and no/100 ($115,000.00) Dollars, numbered consecutively from One (1) to Two Hundred and Thirty-nine (239), both inclusive, which bonds are mentioned and described in the Trust Deed within referred to; which said Trust Deed was recorded in the Recorder's Office of Cook County, Illinois, on the 22nd day of January, A. D. 1927, as document number 9529419.

RELIANCE STATE BANK, Trustee

By......................

Secretary.' "

The appellants contend that the trust deed provides "that no bond should become valid or obligatory until authenticated by the signature of the Reliance State Bank, trustee, to the certificate on the back thereof. It would appear from the allegations in the complainant's bill, that no one undertook to certify such bond on behalf of the Reliance State Bank, as trustee;" and that it "affirmatively appears that said bonds were never duly certified." The appellants argue that the complainant, a corporate trustee, "can act only through its duly authorized agents," and that, therefore, "a certification of a bond to be valid, should be certified by someone who at least purported to have authority to bind such corporate trustee, as its agent

in that behalf.'' We find no merit in this contention. The certification was presumptively the act of the trustee corporation, and it was not rendered invalid merely because the official of the corporation who signed the name of the trustee corporation to the certification, failed to attach his name and office to the certification.

The appellants contend that ''the court erred in entering the order appointing a receiver (*pendente lite*) for the reason that the bill of complainant did not pray that a receiver should be appointed.'' The appellants fail to cite any Illinois case in support of this contention. The authorities cited by the appellants relate to proceedings for injunctions in which there must be not only a prayer for an injunction in the prayer for relief, but also a prayer for injunction in the prayer for process. In 53 C. J. 55, it is said: ''A prayer for a receivership is not necessary to obtain the appointment of a receiver, if the facts stated authorize the appointment at the hearing or after decree, and while it has been held that this rule does not apply to an appointment before the hearing, the weight of authority is the other way.'' The bill contains a prayer for general relief and it has been the practice in this State to appoint a receiver *pendente lite* upon such a prayer. Upon a final hearing, where the bill contains a general prayer for relief, and the facts warrant it, the complainant would undoubtedly have the right to have a receiver appointed. There would seem to be no good reason why the same rule should not apply upon a motion to appoint a receiver *pendente lite*.

We might well have entirely disregarded some of the above contentions. The appellants did not care to take advantage of the opportunity afforded them to be heard on the motion for the appointment of a receiver. Had they appeared and urged certain of the technical

points they now make in this court, the alleged defects in the pleadings, if any there be, could have been at once easily cured by the complainant. Apparently appellants wished to avoid such a procedure, and it would be a commentary upon justice if they prevailed in this court upon mere technicalities.

The interlocutory order of the circuit court of Cook county is affirmed.

*Affirmed.*

Gridley, P. J., and Kerner, J., concur.